580 A.2d 443

GATESIDE-QUEENSGATE COMPANY, t/a Castle Club
Apartments, and Township of Falls

v.

DELAWARE PETROLEUM COMPANY and Falls Township
Zoning Hearing Board.

Appeal of DELAWARE PETROLEUM COMPANY.

Commonwealth Court of Pennsylvania.

Argued April 30, 1990.

Decided Sept. 6, 1990.

Karen Kress Weisbord, Philadelphia, Barry Ballow and Associates, Fairless Hills, for appellant.

John P. Koopman, Begley, Carlin & Mandio, Langhorne, for appellee, Gateside–Queensgate Co.

David C. Ray, Groen, Laveson, Goldberg, Rubenstone & Flager, Bensalem, for appellee, Falls Tp.

Francis X. Dillon, Newtown, for appellee, Falls Tp. Zoning Hearing Bd.

Before DOYLE and SMITH, JJ., and BARBIERI, Senior Judge.

SMITH, Judge.

Delaware Petroleum Company (Delaware) appeals from the order of the Court of Common Pleas of Bucks County which reversed the decision of the Falls Township Zoning Hearing Board (Board) granting a variance to Delaware. The trial court is affirmed.

## I

Delaware is a landowner in Falls Township, Bucks County (Township) that sought Board approval of a plot plan to replace its existing automobile service station with a self-service car wash. The service station is a nonconforming use under the Township of Falls Zoning Ordinance (Ordinance)[1], and the proposed car wash would also be a nonconforming use under the Ordinance. Delaware's property lies in a Neighborhood Commercial District (NC District) which permits certain retail and service businesses for the convenience of the residents of the immediate neighborhood. Ordinance, § 209–22. Car washes and service stations are conditional uses allowed in the Township's Highway Commercial District. Ordinance, § 209–23.

Delaware filed an application with the Board to obtain a variance and a hearing was scheduled. Notice of the hearing was sent to the surrounding neighbors pursuant to Section 209–65 of the Ordinance. One such neighbor is the Gateside–Queensgate Company (Gateside), a limited partnership, that owns an apartment complex across the roadway from Delaware's service station. The managing partner of Gateside testified in depositions taken in this matter that Gateside received notice of the hearing and application on the Friday before the Monday when the hearing was scheduled. The managing partner resides and works in New York, and upon receiving notice of the hearing he

1. Chapter 209, Code of the Township of Falls.

telephoned the Township to make inquiries. The managing partner testified that because of a conflict, the distance, and short notice, he would have been unable to attend the hearing; and, upon explaining this to the Township representative, was informed by that representative that Gateside's objections to the application could be made out in a letter to the Board, which would be presented to the Board before the hearing if timely delivered. The managing partner thereupon set forth Gateside's objections to the application in a letter and posted it to the Board by express mail. The corresponding secretary for the Board testified in depositions that Gateside's objections were received and handed to the Board prior to the hearing.

No representative from Gateside and no other objector attended the hearing, however. Delaware presented evidence before the Board concerning the details and predictions for the proposed use conversion, and the Board thereafter granted a use variance and also a setback variance which would facilitate the construction of the car wash. Gateside thereupon made a timely appeal to the court of common pleas. Shortly thereafter, the Township intervened pursuant to Pa. R.C.P. No. 2327 in support of Gateside's appeal.

At the trial court, Delaware filed a motion to dismiss, alleging that Gateside lacked standing to appeal because Gateside was not a party before the Board. Following depositions of Gateside's managing partner and the corresponding secretary of the Board, the trial court dismissed Delaware's motion and thereafter entered an order reversing the Board. The trial court found that the Board abused its discretion in granting a variance when the record contained no substantial evidence of hardship as required by Section 910.2 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10910.2.

On appeal to this Court, Delaware argues that the trial court erred by denying Delaware's motion to dismiss;

that the trial court erred by granting the Township's petition to intervene since no proper appeal was before the trial court; that the Board's decision was based on substantial evidence of record; and that the trial court erred by refusing to address certain legal issues raised by Delaware in support of the Board's decision. These issues require a dual scope of review. Because the trial court considered new evidence on the first issue regarding Gateside's standing and made a legal determination on the new issues raised by Delaware, this Court must determine whether the trial court committed an abuse of discretion or error of law in arriving at its decision on those issues. *See Claremont Properties, Inc. v. Board of Township Supervisors of Middlesex Township,* 118 Pa.Commonwealth Ct. 527, 546 A.2d 712 (1988). On the substantive issue concerning the grant of the variance, however, the trial court took no additional evidence. Where the trial court received no additional evidence on a zoning appeal, this Court's scope of review is limited to a determination of whether the *Board* abused its discretion, committed an error of law, or made findings of fact not supported by substantial evidence of record. *Vanguard Cellular System, Inc. v. Zoning Hearing Board of Smithfield Township,* 130 Pa.Commonwealth Ct. 371, 568 A.2d 703 (1989).

## II

The first issue before the Court is whether a person has standing to bring an appeal from a zoning hearing board decision when that person has heretofore participated in the proceedings only to the extent of filing a letter with the Board setting forth his objections to the application. Section 1006(3)(b) of the MPC provides that "[a]ppeals to Court from any decision of the Zoning Hearing Board may be taken by any party aggrieved." 53 P.S. § 11006(3)(b). A party is defined under both the MPC and the Ordinance, which has adopted the MPC definition, as follows:

> The parties to the hearing shall be the municipality, any person affected by the application who has made timely

appearance of record before the board, and any other person including civic or community organizations permitted to appear by the board. The board shall have the power to require that all persons who wish to be considered parties enter appearances in .writing on forms provided by the board for that purpose.

53 P.S. § 10908(3); Ordinance, Section 209–66. The above definition does not further define "timely appearance of record." It is clear, however, that written appearances on particular forms are not required unless the zoning board chooses to require their use. There is no evidence or argument that the Board imposed this requirement at the time of the present case. There is, in fact, no evidence of any established procedures for obtaining party status or making an appearance before the Board, except testimony from the Board's corresponding secretary that correspondence mailed to the Board prior to a hearing will be accepted and considered by the Board and customarily read into the record.[2]

In this case, Gateside's managing partner testified that Gateside did not receive notice of the hearing until the Friday preceding the Monday when the hearing was scheduled. This is consistent with the notice provisions of the Ordinance which requires that all notices (by mail and publication) shall be given at least five days prior to the hearing for which notice is given. Ordinance, Section 209–65. The managing partner testified that he had a conflict on the hearing date and also as to his efforts to present his objections to the Board in a manner not requiring a personal appearance. The Board, according to the testimony of the corresponding secretary, provides for such a procedure.

What is important to the issue of standing is that "persons aggrieved" by or in regard to the zoning or land use matter shall first submit their objections to the zoning hearing board. 53 P.S. § 10908(3); *Hager v. Zoning Hearing Board of Manheim Township*, 23 Pa.Commonwealth

---

2. Gateside's letter to the Board was not read into the record or in any other way acknowledged in the record.

Ct. 361, 352 A.2d 248 (1976). There is no question that Gateside, as a nearby landowner, is a person aggrieved, *see Active Amusement Co. v. Zoning Board of Adjustment*, 84 Pa.Commonwealth Ct. 538, 479 A.2d 697 (1984), and that Gateside first submitted its objections to the Board. This Court cannot therefore conclude, given the pertinent facts, that the trial court abused this discretion by concluding that Gateside either made an appearance of record or was permitted to appear before the Board.[3] Accordingly, Delaware's threshold issue is rejected. Moreover, because Gateside has standing to file an appeal from the Board's decision and did make a timely appeal, Delaware's argument that the trial court erred in permitting the Township to intervene is without foundation.

## III

Delaware next argues that the Board's decision was based on substantial evidence of record. Delaware fails, however, to address the trial court's finding that the Board committed an error of law in arriving at its decision. The trial court clearly found that the Board granted the variances to Delaware in violation of Section 910.2 of the MPC.[4] That section provides in pertinent part:

(a) The board shall hear requests for variances where it is alleged that the provisions of the zoning ordinance inflict unnecessary hardship upon the applicant.... The Board may grant a variance, provided that all of the following findings are made where relevant in a given case:

3. The fact that Delaware did not have an opportunity to cross-examine Gateside is irrelevant to the question of standing, and Delaware cannot complain about the lack of opportunity to do so when the Board granted Delaware full relief.

4. While Section 910.2 did not come into effect until February 19, 1989, following the decision of the Board and Gateside's appeal to the court of common pleas, its provisions are in all relevant respects identical to its statutory predecessor, 53 P.S. § 10912 (repealed December 21, 1988, effective February 19, 1989), which was in effect at the time of the proceedings before the Board.

(1) That there are unique physical circumstances or conditions, including irregularity, narrowness, or shallowness of lot size or shape, or exceptional topographical or other physical conditions peculiar to the particular property and that the unnecessary hardship is due to such conditions and not the circumstances or conditions generally created by the provisions of the zoning ordinance in the neighborhood or district in which the property is located.

(2) That because of such physical circumstances or conditions, there is no possibility that the property can be developed in strict conformity with the provisions of the zoning ordinance and that the authorization of a variance is therefore necessary to enable the reasonable use of the property.

(3) That such unnecessary hardship has not been created by the appellant.

. . . .

(5) That the variance, if authorized, will represent the minimum variance that will afford relief and will represent the least modification possible of the regulation in issue.

53 P.S. § 10910.2. Specifically, the trial court found that there was no finding or even evidence that Delaware's property was subject to unnecessary hardship (Section 910.-2(a)(1)) or that the property could not be developed in conformance with the Ordinance (Section 910.2(a)(2)).

It is the applicant's burden to prove that the elements of Section 910.2 are met to justify a grant of a variance. *See Shelley v. Zoning Hearing Board of Carlisle*, 71 Pa.Commonwealth Ct. 153, 454 A.2d 664 (1983). This burden is a heavy one, *Vacca v. Zoning Hearing Board of Borough of Dormont*, 82 Pa.Commonwealth Ct. 192, 475 A.2d 1329 (1984), and variances, as a rule, should be granted sparingly and only under exceptional circumstances. *Appeal of Oswald*, 63 Pa.Commonwealth Ct. 638, 438 A.2d 1029 (1982).

A review of the record in this case completely supports the trial court's conclusions. The Board made none of the findings required by Section 910.2. In fact, Delaware presented no evidence which would support the grant of a variance under Section 910.2. Delaware pursued its case before the Board, as it does before this Court, on the proposition that the proposed nonconforming use is less onerous to the public than its present use, and that the proposed car wash would draw less traffic and present a more attractive appearance than the existing service station. Even if Delaware's contentions are true, they do not demonstrate that Delaware's land could not be developed in conformance with the zoning requirements of the Ordinance or that it suffers from an unnecessary hardship justifying a variance. *See, e.g., Kernick v. Hearing Board of Municipality of Penn Hills,* 56 Pa.Commonwealth Ct. 512, 425 A.2d 1176 (1981) (failure to provide evidence of statutory prerequisites for granting of variance will result in reversal of zoning hearing board's grant of variance). Accordingly, Delaware's contention that the Board's decision is supported by substantial evidence is without merit.[5]

## IV

Finally, Delaware contends that the court erred in refusing to address legal issues raised by Delaware on the grounds that Delaware failed to raise these issues before the Board and are thus waived. These issues center around the argument that Delaware in fact needs no variance to convert the property's use from a service station to a car wash pursuant to the Pennsylvania Supreme Court's holding in *Mutimer Co. v. Wagner,* 376 Pa. 575, 103 A.2d 417 (1954). In *Mutimer,* the Supreme Court held that since the present and proposed nonconforming uses of a building fall

---

**5.** Delaware's reliance on a 1956 Supreme Court case, *O'Neill v. Philadelphia Zoning Board of Adjustment,* 384 Pa. 379, 120 A.2d 901 (1956), in support of its argument that the variance should be granted because it will result in a less onerous public use of the property completely fails to take into account the superseding effect of the subsequent enactment of Section 912 and its successor, Section 910.2 (see footnote 4).

within the same use class of the relevant zoning ordinance, the use is not deemed to have changed. Delaware argues that service stations and car washes fall under the same subdivision of the Ordinance and thus there would be no change in Delaware's use of its property.

As a general rule, issues not raised below are deemed waived. *See Cutler v. Newtown Township Zoning Hearing Board,* 27 Pa.Commonwealth Ct. 430, 367 A.2d 772 (1976). Delaware correctly points out, however, that the trial court had the power to affirm the Board if the Board's decision was correct, even though the reasons given by the Board to sustain its decision were erroneous. *See Friedlander v. Zoning Hearing Board of Sayre Borough,* 119 Pa.Commonwealth Ct. 164, 546 A.2d 755 (1988). The record, however, does not provide a basis for Delaware's alternative theory for relief.

The requirements of the Ordinance concerning the conversion of one conditional use (a service station) to another (a car wash) have to be considered. Section 209–50(3) of the Ordinance sets forth certain standards for car washes as conditional uses, including the prohibition of self-service car washes. The Ordinance may therefore prohibit Delaware's proposed use altogether. At any rate, *Mutimer* does not provide for a substitution of one use in the same class with another without consideration of the relevant zoning provisions. The Ordinance does not specifically allow one conditional use to be substituted for another, and the conditional uses of service stations and car washes are clearly delineated and different from each other. Thus, *Mutimer* is clearly distinguishable by its facts. The relevancy of the application of *Mutimer* to the present situation would require a construction of and findings required by the Ordinance which were not made below. It was Delaware's burden to prove entitlement to relief under this new theory as it was to prove its entitlement to a variance, both

unmet.[6]

For the foregoing reasons, the order of the trial court is affirmed.

## ORDER

AND NOW, this 6th day of September, 1990, the order of the Court of Common Pleas of Bucks County filed November 21, 1989 is hereby affirmed.

6. If the trial court committed error in failing to consider Delaware's new argument, such error, if any, was harmless because the record does not sustain Delaware's position. *See Stolz v. Zoning Hearing Board of Borough of Lewisburg,* 130 Pa.Commonwealth Ct. 458, 568 A.2d 746 (1990) (harmless error will not result in reversal).