709 A.2d 999 (1998)
Eugene P. LEONI and Marian E. Leoni, h/w, Appellants,
v.
WHITPAIN TOWNSHIP ZONING HEARING BOARD and Wayne Schaible and Sharon D. Schaible, h/w and Whitpain Township.
Commonwealth Court of Pennsylvania.
Argued February 12, 1998.
Decided March 24, 1998.
Reargument Denied May 26, 1998.
*1000 Christen A. Gilmore, Lansdale, for appellants.
James T. Moughan, Plymouth Meeting, for appellees.
Before DOYLE and SMITH, JJ., and LORD, Senior Judge.
LORD, Senior Judge.
Eugene and Marian Leoni appeal a Montgomery County Common Pleas Court decision sustaining the grant of a side yard set-back zoning variance requested by Wayne and Sharon Schaible.
This case arises from the following undisputed circumstances. The Leonis own land abutting the rear of the Schaibles' residential property in Whitpain Township. The Schaibles sought to build on their property an addition to the side of their existing home for a bedroom and bathroom. The proposed addition would reduce the set-back of one of their side yards to 26 feet, where a minimum of 45 feet is required by the Township zoning ordinance. The ordinance also requires an aggregate of at least 100 feet considering both side yards; the addition would reduce the total side yards on the property to 78 feet.
The Schaibles thus applied to the Township Zoning Hearing Board for a variance from the side yard provisions of the ordinance. No objectors appeared and no objections were raised before the Board, which granted the variance following a hearing. The Leonis then appealed to the trial court, claiming that the Schaibles had not established any of the elements necessary for a variance in their hearing before the Board.
The Schaibles filed a motion to quash or dismiss the appeal or require a bond, asserting in part that the Leonis had not appeared or objected before the Board and lacked standing to appeal. In January 1997, after the parties briefed issues including that of standing, the Honorable Bernard A. Moore without opinion denied the motion, as well as a subsequent request for reconsideration. However, in July 1997, Judge Moore and the Honorable Kent H. Albright affirmed the Board's decision on the basis that the Leonis lacked standing to appeal. The court issued an opinion reasoning that the Leonis did not object before the Board and, in any event, did not have a substantial interest qualifying them as "persons aggrieved." The court also suggested that, had it reached the merits of the variance, it would still have upheld the Board's decision because there was no legal error or manifest abuse of discretion. The Leonis now appeal to this Court.
The Leonis ask us to remand this case for consideration of the substantive merits, raising two arguments as to why the trial court erred in holding they did not have standing to appeal. First, the Leonis submit that the trial court failed to follow the law of the case given the initial orders rejecting the Schaibles' motion and denying reconsideration. They argue that those orders, although not accompanied by an opinion, implicitly decided the issue of standing to appeal in their favor. The Leonis assert that they were therefore entitled to rely on that decision and that the law of the case doctrine barred the court from later changing its ruling. See Goldey v. Trustees of the University of Pennsylvania, 544 Pa. 150, 675 A.2d 264 (1996); Farber v. Engle, 106 Pa.Cmwlth. 173, 525 A.2d 864 (1987).
The Schaibles respond that the law of the case doctrine is inapplicable here because the court's initial rulings were made on a procedural motion, were not accompanied by an opinion, could have been made on any number of grounds, and were rendered by the same judge who issued the final determinationand who is always capable of reconsidering his own prior order. See Farber.
*1001 We agree that the court did not err. The doctrine the Leonis seek to invoke provides that a trial judge should not overturn a decision made in the same case by another judge. We have explained:
The general rule is that absent some new evidence, it is improper for a trial judge to overrule an interlocutory order entered by another judge of the same court involving the same issue.... The policy underlying this rule, sometimes erroneously referred to by the term "law of the case," is that there must be some finality to the determination of all pretrial applications so that judicial economy and efficiency can be maintained.
Farber, 525 A.2d at 866. The Supreme has also considered "the rule that a judge should not overrule a decision of another judge of the same court in the same case," and reiterated the "the need for finality and the prevention of judge shopping." Goldey, 544 Pa. at 152, 157, 675 A.2d at 265, 267.
Here, the doctrine and the interests it is meant to protect are obviously not implicated, because Judge Moore took part in both decisions in question. Moreover, the court never affirmatively and specifically ruled that the Leonis had standing, so it cannot be rightly said that it reversed itself in eventually deciding that the Leonis did not have standing.[1] Thus, there is no authority for holding there is a doctrine applicable to the circumstances of this case barring the trial court from reaching its final determination on standing. We therefore must reject the Leonis' primary assertion.
The Leonis' other argument here is that the court erred in its final decision because they had standing to appeal the Board's decision despite their failure to appear or otherwise object before the Board. They claim that, since amended in 1988, the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, as amended, 53 P.S. §§ 10101-11202, no longer requires an appellant be a "party" or otherwise participate in zoning board proceedings. The Leonis maintain that an appeal by "persons aggrieved" is now always proper where, as here, the board did not ensure that the applicants' hearing and proof were sufficient to meet the strict test for a variance.
The Schaibles reply that it is well settled that individuals cannot be heard on appeal if they had notice of a public zoning hearing and failed to object at that time. See In re Leopardi, 90 Pa.Cmwlth. 616, 496 A.2d 867 (1985), rev'd in part on other grounds, 516 Pa. 115, 532 A.2d 311 (1987). They argue that, despite the 1988 amendment to the MPC, the law of standing remains the same, and the MPC continues to limit appellants to "parties" before the Board. See, e.g., Gateside-Queensgate Co. v. Delaware Petroleum Co., 134 Pa.Cmwlth. 603, 580 A.2d 443 (1990). The Schaibles also note that the Leonis did not present any evidence that they were "persons aggrieved," and claim the record in general would have been more developed, as the Leonis now demand it should have been, had the Leonis appeared. Finally, the Schaibles argue that the Leonis failed to exhaust their administrative remedies by not appearing before the Board, and issues not raised before the Board are waived.
We resolve this remaining question in favor of the Schaibles as well and thus reject this appeal. Both parties here have addressed in their briefs the question of whether the Leonis are "persons aggrieved." The Leonis contend that they are because they *1002 own a neighboring property. The Schaibles contend the Leonis are not "persons aggrieved" because the side yard variance has no effect on the Leonis' property, which abuts only on the rear and is distant from the residence. We see no reason to decide this question since we conclude that any appellant, other than a municipality, must first appear before the zoning board and raise an objection in order to pursue a meaningful appeal.[2]
Our conclusion is supported by the fact that the Leonis cannot avoid the well established principle against raising issues for the first time on appeal; in the zoning context, issues not raised before a zoning board are not preserved for appeal absent due cause, such as a situation where the appellant had been prevented from raising those issues before the board. See, e.g., Seneca Mineral Co. v. McKean Township Zoning Hearing Board, 124 Pa.Cmwlth. 389, 556 A.2d 496 (1989). Here, of course, where no objectors appeared in the Board proceedings, no issues were presented before the Board in opposition to the zoning request, and there is no indication that the Leonis were somehow prevented from appearing or objecting. The Leonis had an opportunity to attend the hearing, object and be heard, but *1003 they gave up that opportunity. The Schaibles, on the other hand, have been inequitably denied an opportunity to address the post-hoc challenges of this non-party during the hearing before the administrative body whose function it is to hear and decide these matters.
Moreover, apart from the Leonis' failure to preserve issues for review, and even if they had showed that their interests as landowners could have qualified them as "persons aggrieved," there is still no affirmative support for the proposition, dubious on its face, that they should be heard on appeal after they did not participate in any way in the Board proceedings. We certainly have never held that private individuals, even ones who could be considered "persons aggrieved" before a zoning board due to their interests as landowners, preserve issues for appeal, where there was no appearance or objection before the board. Instead, this Court has indicated that, regardless of whether an individual is a "person aggrieved," that person must nonetheless appear or at least raise some objection before the Board in order to have standing to advance an objection on appeal. Specifically, we have said:
What is important to the issue of standing is that "persons aggrieved" by or in regard to the zoning or land use matter shall first submit their objections to the zoning hearing board. 53 P.S. § 10908(3); Hager v. Zoning Hearing Board of Manheim Township, 23 Pa.Commonwealth Ct. 361, 352 A.2d 248 (1976).
Gateside-Queensgate, 580 A.2d at 446. In that case, we rejected a claim that an appellant did not have standing to appeal a zoning board decision, because we concluded that the appellant, who was a "person aggrieved," had in fact made an appearance before the zoning board and submitted an objection to it.
Here, by contrast, there is no question that, despite sufficient notice as to the variance request and the Board's proceeding, nobody appeared before the Board to challenge the variance or otherwise submitted an objection to the Board. Under these circumstances, and absent a municipality's action, there is simply no challenge to the variance left on an appeal and we have no basis to hold the trial court erred in concluding the Leonis did not have standing. Indeed, presented with a case where private landowners have failed to object or appear in any way in zoning board proceedings and have nevertheless attempted to appeal the board's decision, we now expressly hold based on our discussion that such persons do not have standing to appeal.
Accordingly, the trial court's order dismissing the appeal and upholding the Board's grant of a variance is affirmed.

ORDER
AND NOW, this 24th day of March, 1998, the order of the Court of Common Pleas of Montgomery County, No. 96-20136, dated July 14, 1997, is hereby affirmed.
NOTES
[1] The fact that the trial court could have granted the Schaibles' initial motion certainly does not mean that, in not doing so, it settled the issues therein in favor of the Leonis. This is particularly true where the motion to dismiss was based only in part on standing. In fact, the Schaibles also argued in their motion that the Leonis did not provide adequate notice of their appeal, that the Leonis did not plead concise grounds for the appeal, that the burden of proof for granting a variance was met, and that the variance was appropriate as de minimis. In this context, the court never issued an opinion explaining the basis for rejecting the motion or denying reconsideration. Although not dispositive by itself, Goldey, the lack of an opinion is significant here, where under all of the circumstances we can only speculate as to why the court denied the motion, and so cannot properly say that the standing issue was settled by that denial. Indeed, because the Schaibles in their initial motion also raised and briefed the merits of the variance, accepting the Leonis' position here would lead to the wholly illogical conclusion that the trial court also precluded itself from later sustaining the variance.
[2] In the interest of completeness, several details and considerations are worth noting at this point. First, there is no doubt the Leonis were not a "party" to the Board's proceeding. Section 908(3) of the MPC provides that "[t]he parties to the hearing shall be the municipality, any person affected by the application who has made timely appearance of record before the board, and any other person ... permitted to appear before the board." 53 P.S. § 10908(3) (emphasis added). The Schaibles point out that Section 908(9) of the MPC in turn refers only to "the right of any party opposing the application to appeal the decision to a court of competent jurisdiction." (Emphasis added). 53 P.S. § 10908(9). At the least, these provisions do not support the Leonis' claim that they may appeal the Board's decision without appearing before the Board. In fact, the provisions authorize standing only to a municipality to appeal a zoning board decision without having first appeared, affording the municipality alone special status. See Viechec v. Hazle Township Zoning Hearing Board, 676 A.2d 1317 (Pa.Cmwlth.1996); Lower Paxton Township v. Fieseler Neon Signs, 37 Pa.Cmwlth. 506, 391 A.2d 720, 722 (1978).

Further, on the question the parties raise as to whether the Leonis were precluded from appealing where they were not a "party" before the Board, we have previously made clear "that while any person aggrieved by a decision regarding use of another's land may appeal to a zoning hearing board, it is necessary, for an appeal to be taken from the action of the zoning hearing board, for the appellant to have been a party before the board." Lower Paxton, 391 A.2d at 722. This tenet was originally set forth when there were provisions in the MPC expressly referring to a "party aggrieved" and "persons aggrieved." The Leonis accurately point out that those provisions and the specific terms therein were repealed in 1988, when the legislature adopted Section 1002-A of the MPC, 53 P.S. § 11002-A. See In Re Application of Rouse & Associates Ship Road Land Limited Partnership, 161 Pa.Cmwlth. 52, 636 A.2d 231 (1993). Section 1002-A now provides for land use appeals from a board's decision without specifying who may appeal. This statutory change, however, simply does not establish the Leonis' claim that they may appeal a zoning board's decision where they have not participated in any way before the board. In fact, we have already approved of the analysis in Ryan, Pennsylvania Zoning Law and Practice, § 9.5.5, pp. 212-213, that "this should not result in a change in the law." Rouse & Associates, 636 A.2d at 234. In so doing, we have specifically confirmed that, despite the amendment, an appellant must still qualify as a "person aggrieved." Rouse & Associates; see also Gateside-Queensgate.
Under Section 752 of the Local Agency Law, 2 Pa.C.S. § 752, any "person" (not party) aggrieved by an adjudication of a Commonwealth agency who has a direct interest may appeal that adjudication. A municipal zoning board would certainly appear to be a local agency under the definition provided in that statute, and its grant of a variance would likewise constitute an adjudication. However, resort to the Local Agency Law does not decide the Leoni's standing. We have held the Local Agency Law applies to zoning decisions in cities of the first and second class (i.e., Philadelphia and Pittsburgh), which are specifically excluded from the definition of "municipality" in the MPC, 53 P.S. § 10107, but Section 1001-A of the MPC, 53 P.S. § 11001-A, states that the procedures contained in that article are the exclusive mode for securing review of zoning decisions. Other than in Pittsburgh and Philadelphia, then, it is the MPC which guides us in determining the proper procedure for obtaining review of zoning decisions. See Eastern Consolidation and Distribution Services, Inc. v. Board of Commissioners of Hampden, 701 A.2d 621, 624, and 624, n. 4 (Pa.Cmwlth.1997) (because MPC does not mandate hearing by municipal planning commission before acting on subdivision plan, Local Agency Law's requirements of notice and opportunity to be heard when hearing occurs do not apply; similarly, argument advancing applicability of Local Agency Law to common pleas court appeal rejected).