**James G. ORIE and Heidi Orie, Appellants**

v.

**The ZONING HEARING BOARD OF the BOROUGH OF BEAVER and Beaver County Memorial Library.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 6, 2000.

Decided Jan. 18, 2001.

Bernard J. Rabik, Pittsburgh, for appellants.

W. John Rackley, Beaver, for appellee, the Zoning Hearing Bd. of Borough of Beaver.

John P. Dohanich, Ambridge, for appellee, Beaver Area Memorial Library.

Before DOYLE, President Judge, COLINS, Judge, McGINLEY, Judge, SMITH, Judge, PELLEGRINI, Judge, FLAHERTY, Judge and LEADBETTER, Judge.

COLINS, Judge.

James and Heidi Orie appeal the order of the Court of Common Pleas of Beaver County quashing their land use appeal on the ground that they failed to appear before the Borough of Beaver's (Borough) zoning hearing board to object to the grant of variances requested by the local library, which is located on the lot adjacent to the Ories' home.

The Beaver County Memorial Library (Library), a nonconforming use in an R–1 residential area, applied for a zoning per-

mit to expand the library's existing 7,600–square foot building by an additional 4,200 square feet. The Borough denied the permit, stating that the zoning hearing board would have to act on any request to enlarge the library building. The Library subsequently applied for variances for waiver of the zoning ordinance's provisions for rear yard setbacks, allowable lot coverage, and off-street parking requirements.[1]

The zoning hearing board scheduled a public hearing on the Library's application for January 28, 1999. The Ories sent the zoning hearing board a letter dated January 25, 1999[2] expressing their concerns with the extension of the existing library building to within ten feet of their property and the off-street parking requirements. In their letter, the Ories advocated a smaller addition and/or other alternatives to the proposed addition that would maintain the greenery and trees separating the Ories' home from the Library and more appropriately maintain the esthetics or character of the neighborhood. James Orie attended the public hearing, but he did not speak. Ultimately, the zoning board granted the requested variances, and the Ories appealed to the trial court. The Library, intervenor before the trial court, moved to quash the Ories' appeal on the ground that they failed to make a timely appearance of record and failed to speak in opposition to the grant of the variances and, therefore, lack standing to appeal and failed to preserve the issues they raised on appeal.

The trial court quashed the Ories' appeal for lack of standing based on their failure to make an appearance before the zoning board. The trial judge relied on our decision in *Leoni v. Whitpain Township Zoning Hearing Board,* 709 A.2d 999 (Pa. Cmwlth.1998), *petition for allowance of appeal denied,* 557 Pa. 642, 732 A.2d 1211 (1998), in which we stated that only parties before the zoning hearing board may appeal its decision. The trial judge distinguished *Gateside Queensgate Company v. Delaware Petroleum Company,* 134 Pa. Cmwlth. 603, 580 A.2d 443 (1990), in which we permitted an appeal by a person who had participated before the zoning board only to the extent of filing a letter with the board setting forth his objections to the application for variance.

■ Section 908(3) of the Pennsylvania Municipalities Planning Code (MPC)[3] provides as follows:

> (3) The parties to the hearing shall be the municipality, any person affected by the application who has made timely appearance of record before the board, and any other person including civic or community organizations permitted to appear by the board. The board shall have the power to require that all persons who wish to be considered parties enter appearances in writing on forms provided by the board for that purpose.

Neither the Borough nor the Library contends—and the record does not indicate—that the Borough's zoning hearing board requires a written appearance.[4] The single issue for our review is whether the Ories made a timely appearance of record before the zoning board.

---

1. The variances would permit the Library to continue a six-foot setback established for the existing building, increase lot coverage to 67 percent, and completely waive off-street parking required by ordinance because the provision of any off-street parking would preclude the construction of the proposed addition. (Attachment to Application for Variance.)

2. The letter is Exhibit A to the Library's Motion to Quash Zoning Appeal.

3. Act of July 31, 1968, P.L. 805, 53 P.S. § 10908(3).

4. Although counsel may be expected to be familiar with a board's procedural and substantive rules, the average citizen will likely be unaware of a substantive rule requiring a written appearance. The better practice would be for a board to disclose and explain on the record, prior to the conclusion of the hearing, any steps a citizen must take to protect his or her appeal rights.

In *Gateside,* the issue before us was whether a person has standing to appeal a zoning hearing board decision when that person has theretofore participated in the proceedings only to the extent of filing a letter with the board setting forth his objections to the application. We held that such a letter filed with the board fulfills the requirements of Section 908(3) of the MPC. We reasoned that "[w]hat is important to the issue of standing is that 'persons aggrieved' by or in regard to the zoning or land use matter shall first submit their objections to the zoning hearing board." 580 A.2d at 446. As in *Gateside,* the Ories, as adjacent landowners, are unquestionably "persons aggrieved," and they have first submitted their objections to the zoning hearing board. In the present matter, James Orie went a step further and attended the public hearing.

Our decision in *Leoni* in no way diminishes our holding in *Gateside.* In *Leoni,* we held that adjoining property owners lacked standing to appeal a zoning hearing board's grant of a variance because they failed to participate in the proceedings *in any way.* We distinguished *Gateside* as a case in which the would-be appellant who had submitted an objection had in fact made an appearance within the meaning of the MPC, if not a personal appearance. 709 A.2d at 1003.

Based on our decisions in *Gateside* and *Leoni,* we conclude that the trial court erred in quashing the Ories' appeal. Accordingly, we vacate the trial court's order and remand this matter for further proceedings.

### ORDER

AND NOW, this 18th day of January 2001, the order of the Court of Common Pleas of Beaver County in the above-captioned matter is vacated, and this matter is remanded to the trial court for further proceedings.

Jurisdiction is relinquished.

Dissenting opinion by Judge LEADBETTER, in which President Judge DOYLE joins.

LEADBETTER, Judge, dissenting.

I respectfully dissent because I read the majority opinion to remand this case to common pleas for disposition of the merits of the Ories' appeal, which I believe is inappropriate under the circumstances. Regardless of the good faith of the Ories, or whether they reasonably believed that sending a letter was a sufficient method of stating their objection, the ZHB could not, as a matter of law, consider the letter in its deliberations. Section 908(8) of the MPC provides, in relevant part:

> The board or the hearing officer shall not communicate, directly or indirectly, with any party or his representatives in connection with any issue involved except upon notice and opportunity *for* all parties to participate, shall not take notice of any communication, reports, staff memoranda, or other materials, except advice from their solicitor, unless the parties are afforded an opportunity to contest the material so noticed . . . .

53 P.S. § 10908(8). Letters to the ZHB which are not made part of the record at the public hearing deprive other parties of the opportunity to answer or contest the matters they contain. Moreover, since such communications are not only outside the record but may not be considered by the ZHB, they are inadequate to preserve the arguments they contain as issues for appellate review. I believe that mere submission of a document which the ZHB may not consider and which preserves no issues for appellate review is insufficient to preserve the right to appeal on the merits.[1]

---

1. We acknowledge that in *Gateside–Queensgate* the letter was similarly not read into the record. However, it is evident from the opinion that the mandate of § 908(8) of the MPC was not before the court in that case. Moreover, since the Board in *Gateside–Queensgate* had a policy of accepting and considering such submissions (which were customarily

Nonetheless, I agree with the majority that the primary responsibility for assuring compliance with proper procedures and making sure all parties have a right to be heard lies with the ZHB. [Majority op. at p. —— n. 4.] Thus, where the objectors have acted in good faith and have complied with all rules established by the ZHB, as did the Ories here, I would not quash their appeal, but would remand to the ZHB to hold a supplemental hearing at which the written objection was made part of the record and other parties given an opportunity to respond. Any appeal thereafter will be on a complete record and the reviewing court will be able to engage in meaningful appellate review.

President Judge DOYLE joins in this dissenting opinion.

read into the record) and so advised objectors, that case is readily distinguishable from this.