# Maione v. Greenway Center, Inc.

*Joseph Hanyon* and *John Vivian,* for plaintiff.
*John R. Hill,* for defendant.
*Maureen E. Kelly,* for intervenor.

WALLACH MILLER, *J.*, March 3, 2011—On June 16, 1997, Winco Acquisitions, Inc., d/b/a Greenway Center filed a petition under Chapter 11 in the United States Bankruptcy court for the Middle District of Pennsylvania. On June 23, 1997, Mark Willet was admitted to the Greenway Center Treatment Facility in Henryville, Pennsylvania. Mr. Willet was found dead the next day at the facility.

Plaintiff, Annette Maione, individually and as administrator of the estate of Mark Willet, ("plaintiff") commenced this action by filing a praecipe for writ of summons on June 23, 1999. On July 7, 1999, the summons was duly served on the person in charge of the Greenway Center in Henryville, Monroe County, Pennsylvania. On November 13, 2000, plaintiff filed a complaint seeking damages resulting from the death.

On June 3, 2002, plaintiff filed a motion to correct name of defendant pursuant to Pa. R.C.P. 1033. Plaintiff requested that defendant's name be changed to either "Winco Acquisitions, Inc., d/b/a Greenway Center" or

"Greenway Center, Inc. as successor in interest to Winco Acquisition, Inc." On September 17, 2002, the Honorable Peter J. O'Brien, of this court, held a hearing on the motion; by opinion and order dated October 9, 2002, Judge O'Brien granted plaintiff's motion. The court ordered the caption to reflect the name of the defendant as "Greenway Center Inc., as successor in interest to Winco Acquisition Inc." In his opinion, Judge O'Brien held that the case caption should reflect defendant's name as "Greenway Center, Inc. as successor in interest to Winco Acquisition, Inc.," because: 1) Greenway Center, Inc. was created at the same time that Winco Acquisition, Inc. submitted its Reorganization Plan; 2) the party served with the summons on July 7, 1999 was an appropriate representative of either or both corporations and was also the person in charge of Greenway Center, Inc. at the facility in Henryville, Pennsylvania; and 3) Greenway Center, Inc. was set up to assume the stock from Winco Acquisition, Inc. when the bankruptcy was closed and to act as its successor in operating the facility in Henryville.

On December 19, 2003, Greenway Center, Inc. filed a declaratory judgment action in this court, No. 10177 CV 2003, to determine if Essex Insurance Company ("Essex") had a duty to indemnify and defend plaintiff's action. On grounds of diversity, the declaratory judgment action was removed to the district court for the middle district of Pennsylvania on May 26, 2004. After shuttling between the district court and the United States Court of Appeals for the Third Circuit, the district court determined that Greenway Center, Inc. was not a successor in interest

to Winco Acquisitions, Inc. and that Essex has no duty to defend and indemnify Greenway Center, Inc. in this action. On October 12, 2010, plaintiff filed the instant motion to correct name of defendant pursuant to Pa. R.C.P. 1033. plaintiff claims that since the district court and the court of appeals for the third circuit have found that Greenway Center, Inc. is not a "successor in interest" to Winco Acquisition, Inc., the caption in this case may be an inaccurate description of defendant's identity. Plaintiff claims that the correct party was identified but incorrectly designated in the case caption. Since no new party is being identified, plaintiff argues that the amendment should be allowed. In opposition, intervenor, Winco Acquisition Inc. argues that the amendment should not be granted under the law of the case doctrine, defined as follows:

> The law of the case doctrine refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter.... The various rules which make up the law of the case doctrine serve not only to promote the goal of judicial economy...but also operate (1) to protect the settled expectations of the parties; (2) to insure uniformity of decisions; (3) to maintain consistency during the course of a single case; (4) to effectuate the proper and streamlined administration of justice; and (5) to bring litigation to an end.

*Com. v. McCandless*, 880 A.2d 1262, 1267 (Pa. Super. 2005), citing *Com. v. Starr*, 541 Pa. 564, 574, 664 A.2d

1326, 1331 (1995) (citations omitted). While the law of the case doctrine only applies to decisions by a trial court or appellate court, the related "coordinate jurisdiction" rule, "prevent[s] one trial judge from revising the rulings of another trial judge on the same question." *Gateway Towers Condominium Assn. v. Krohn,* 845 A.2d 855, 861 (Pa. Super. 2004), citing *Leoni v. Whitpain Twp.,* 709 A.2d 999, 1001 (Pa. Cmwlth. 1998).

Judge O'Brien, after hearing, held that Greenway Center Inc. was a successor in interest to Winco Acquisition, Inc., based on the reasoning set forth above. Accordingly, under the law of the case doctrine and the "coordinate jurisdiction" rule, we decline to revise the prior ruling of another judge of this court. We, therefore, deny plaintiff's motion.

## ORDER

And now, this March 3, 2011, after oral argument and a review of the briefs submitted by the parties, plaintiff's motion is denied.