# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Susan Coppola | : | |
| | : | |
| v. | : | No. 930 C.D. 2018 |
| | : | Argued: February 12, 2019 |
| | : | |
| Smith Township Board of Supervisors | : | |
| and MarkWest Liberty Midstream & | : | |
| Resources, LLC | : | |
| | : | |
| Appeal of:  MarkWest Liberty | : | |
| Midstream & Resources, LLC | : | |

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                    HONORABLE ROBERT SIMPSON, Judge
                    HONORABLE P. KEVIN BROBSON, Judge
                    HONORABLE PATRICIA A. McCULLOUGH, Judge
                    HONORABLE MICHAEL H. WOJCIK, Judge
                    HONORABLE CHRISTINE FIZZANO CANNON, Judge
                    HONORABLE ELLEN CEISLER, Judge


**OPINION**
**BY JUDGE SIMPSON**                          **FILED: May 2, 2019**


In this appeal by permission, MarkWest Liberty Midstream & Resources, LLC (MarkWest) asks whether the Court of Common Pleas of Washington County (trial court) erred in determining that Susan Coppola (Objector) had standing to appeal the Smith Township Board of Supervisors' (Supervisors) grant of conditional use approval to MarkWest.  The issue this Court agreed to consider is whether Objector obtained party status for appeal purposes solely by submitting a letter to the Supervisors setting forth her objections to MarkWest's land use application.  Upon review, we vacate the trial court's order and remand for further proceedings.

## I. Background

In April 2017, MarkWest submitted a conditional use application to the Supervisors seeking to construct a natural gas processing facility on property it owns in Smith Township (Township), Washington County (property). The property, which is comprised of approximately 129 acres, lies in an A-1 Rural Residential zoning district in the Township.

The Supervisors held two hearings on MarkWest's conditional use application. Objector did not personally appear at the hearings. However, she submitted a letter to the Supervisors, through counsel, setting forth her objections to MarkWest's proposed use.

After the hearings, the Supervisors granted MarkWest's conditional use application subject to numerous conditions. Objector appealed to the trial court. MarkWest filed a motion to quash Objector's appeal, asserting Objector did not make an appearance before the Supervisors and was not a person affected by the application. In response, Objector argued, although she did not physically attend the Supervisors' hearings, she sent a letter to the Supervisors, which was sufficient to confer standing, and she was affected by the Supervisors' decision.

Thereafter, the trial court issued an opinion and order in which it denied MarkWest's motion to quash. In its opinion, the trial court began by explaining that, in order to have standing to appeal a local governing body's decision, an individual must have been a "party" to the underlying proceeding. Gateside-Queensgate Co. v. Delaware Petroleum Co., 580 A.2d 443, 445 (Pa. Cmwlth. 1990). The trial court explained that the Pennsylvania Municipalities

Planning Code (MPC)[1] and the Smith Township Ordinance (zoning ordinance) contain similar provisions regarding who are considered "parties" to a zoning hearing. Section 908(3) of the MPC, 53 P.S. §10908(3), provides that the parties to a hearing are, among others, any person affected by the application who has made a timely appearance of record before the board. Further, the board has the power to require that all persons who wish to be considered parties enter written appearances on forms provided by the board. Id.; see also Section 1607(2)(D) of the zoning ordinance.

The trial court noted that this MPC provision does not define the phrase "timely appearance of record." Tr. Ct., Slip Op., 5/31/18, at 2. However, the trial court stated, it is clear from the plain meaning of this statutory provision that written appearances on particular forms are not required unless a board chooses to require their use. Here, the trial court stated, there was no evidence or argument that the Supervisors imposed such requirements for those seeking to be considered parties. In fact, the trial court explained, there is no evidence of any established procedures for obtaining party status or making an appearance before the Supervisors. Thus, the trial court stated, without an established procedure that would allow those in attendance at the hearing to declare their status as a party, the average citizen would be unfamiliar with the rule requiring a written appearance. See Orie v. Zoning Hearing Bd. of Borough of Beaver, 767 A.2d 623 (Pa. Cmwlth. 2001) (en banc). As such, "[t]he better practice would be for the board to explain, on the record any steps a citizen must take to preserve [her] appeal rights." Grant v. Zoning Hearing Bd. of Twp. of Penn, 776 A.2d 356, 359 (Pa. Cmwlth. 2001).

---

[1] Act of July 31, 1968, P.L. 805, as amended, 53 P.S. §§10101-11202.

3

The trial court further stated that, although the reasons for Objector's absence at the hearing were not presented, Objector's objections became known to the Supervisors and, for all practical purposes, those concerns were voiced in a timely appearance of record before the Supervisors. The trial court stated it was undisputed that Objector submitted a letter dated the same day as the Supervisors' first hearing. The letter set forth her objections. The trial court explained this letter was sent directly to the Township, from Objector's counsel, and the Township Solicitor was copied on the letter by email. Further, the trial court stated, at the Supervisors' first hearing, the Township Solicitor provided a copy of Objector's letter to MarkWest's counsel. The trial court stated that, for reasons unknown, the letter did not appear in the record transmitted by the Supervisors. Thus, the issue was whether a person has standing to appeal a local governing body's decision when that person participated in the proceedings only to the extent of filing a letter with the Supervisors setting forth her objections to the application.

In resolving this issue, the trial court stated, this Court previously held that a letter such as that provided by Objector to the Supervisors fulfills the requirements of Section 908(3) of the MPC. See Gateside. As in Gateside, the trial court explained, Objector first submitted her objections to the Supervisors, expressly raising the purported adverse effects that would impact her property in the neighboring township. Thus, the trial court stated, even though Objector did not contact the Township to inquire as to the procedure for presenting her objections to the Supervisors, as the appellant did in Gateside, Objector nonetheless made an appearance within the meaning of the MPC. Leoni v. Whitpain Twp. Zoning Hearing Bd., 709 A.2d 999 (Pa. Cmwlth. 1998).

4

The trial court further stated, although Objector's counsel should have requested Objector's August 2017 letter be made part of the record, it was readily apparent that the five-page correspondence, which contained a thorough discussion of the factual and legal issues, raised concerns that Objector wished to submit to the Supervisors both as part of the record and for the Supervisors' consideration. Having received this letter, the trial court stated, the Supervisors should have informed Objector that the letter would not be considered or made part of the record. Thus, the trial court denied MarkWest's motion to quash Objector's land use appeal.

The trial court subsequently certified its order for permissive interlocutory appeal. We granted permission.

## II. Issue

In granting permission to appeal, this Court agreed to consider the following issue: "Whether an individual obtains party status for appeal purposes solely by submitting a letter to [the Supervisors] that sets forth the individual's objections to a land use application." Cmwlth. Ct. Order, 8/21/18.

## III. Discussion
## A. Contentions

MarkWest argues that this Court should conclude that Objector's mere submission of a letter to the Supervisors was not a sufficient appearance on the record to preserve her standing and right to appeal the Supervisors' decision to the trial court. MarkWest asserts that, allowing objectors to appear by letter, avoid cross-examination, and then file appeals in which objectors purport to rely on the

5

substance of their letters, is inconsistent with the public hearing process contemplated by the MPC. Further, it contends, such a practice deprives applicants seeking to exercise their constitutionally protected rights to use their private property for any lawful purpose as well as their right to due process.

Moreover, MarkWest maintains, because Objector's letter is not part of the record, her appeal must be quashed. To that end, MarkWest argues, Objector failed to ensure that the Supervisors included her letter in the record; as a result, the Supervisors were no under obligation to include Objector's letter in the record or even consider it.

In addition, MarkWest maintains, the trial court erred in relying on Gateside as that case is distinguishable. Additionally, it argues, the dissenting opinion in Orie called the holding of Gateside into question. Moreover, MarkWest asserts, Orie, also relied on by the trial court, is distinguishable. Further, it contends, extending Gateside and Orie to the facts presented here would create bad public policy.

Further, MarkWest maintains, submission of a letter is the functional equivalent of mere attendance and public comment, which this Court holds is insufficient to confer party status. Indeed, MarkWest argues, there must be *active participation* by an objector to confer standing.

MarkWest asserts that, if all that was required to preserve standing to appeal a local governing body decision was the mere submission of a letter, with

6

no appearance of record, would-be objectors would have no incentive to attend hearings on zoning applications, where their allegations and objections could be subject to questioning by both the applicant and the local governing body.

Objector responds that this Court should hold that her submission to the Supervisors of a detailed letter setting forth her concerns and objections to MarkWest's conditional use application was sufficient to confer party status on her under the MPC and the zoning ordinance. Thus, Objector argues, she had standing to appeal the Supervisors' decision to the trial court.

Objector asserts her standing to appeal is supported by this Court's decisions in Gateside and Orie, which presented facts analogous to those presented here and upon which the trial court properly relied in denying MarkWest's motion to quash Objector's appeal. Objector contends the holdings of Gateside and Orie are well-reasoned, and there is no basis for this Court to deviate from or overrule them. Objector further asserts the other cases MarkWest cites are distinguishable and provide little guidance to the resolution of the issue before this Court.

In addition, Objector argues, an extension of Gateside and Orie to the facts presented here will in no way harm the public interest, and MarkWest's assertions to the contrary are unsupported by evidence and merely speculative. Objector asserts this Court's re-affirmance of the holdings of those cases will advance the public interest by granting affected landowners the ability to participate in local land use proceedings when they are incapable of in-person attendance. Objector further contends individual municipalities have the power to

abrogate the effect of the holdings of <u>Gateside</u> and <u>Orie</u> by establishing specific procedures for individuals to enter their appearance at zoning hearings. At all relevant times, Objector maintains, the Supervisors had no such procedures in place for the entry of appearance and were, therefore, subject to the dictates of the MPC and controlling case law, which support Objector's standing to appeal.[2]

**B. Analysis**

Section 908(3) of the MPC provides (with emphasis added):

> <u>The parties to the hearing shall be</u> the municipality, <u>any person affected by the application who has made timely appearance of record before the board</u>, and any other person including civic or community organizations permitted to appear by the board. <u>The board shall have power to require that all persons who wish to be considered parties enter appearances in writing on forms provided by the board for that purpose</u>.

Here, no party contends that the Supervisors required written appearances on particular forms. Thus, the issue is whether Objector made a timely appearance of record by submitting a letter to the Supervisors stating her objections to MarkWest's conditional use application. In holding that Objector had standing, the trial court relied on this Court's decisions in <u>Gateside</u> and <u>Orie</u>.

In <u>Gateside</u>, we were asked: "[W]hether a person has standing to bring an appeal from a zoning hearing board decision when that person has heretofore participated in the proceedings only to the extent of filing a letter with the [b]oard

---

[2] MarkWest and Susan Coppola filed briefs. The Smith Township Board of Supervisors was precluded from filing a brief based on its failure to comply with this Court's orders regarding the briefing schedule.

8

setting forth his objections to the application." Id. at 445. Answering this inquiry in the affirmative, this Court explained that, under the MPC, a "party" is defined as, among other things, any person affected by an application who made a timely appearance of record before the board. We stated that written appearances on particular forms are not required unless the board chooses to require their use, and there was no evidence or argument that the board imposed such a requirement. In fact, there was no evidence of any established procedure for obtaining party status or making an appearance before the board, except testimony from the board's corresponding secretary that correspondence sent to the board before a hearing would be accepted and considered and customarily read into the record. Nevertheless, the objector's letter was not read into the record or in any other way acknowledged in the record. Despite this fact, we determined that, by virtue of the letter, the objector either made an appearance of record or was permitted to appear before the board. Therefore, it had standing to appeal the board's decision.

Thereafter, in Orie, we relied on Gateside in holding that objectors had standing to appeal a board decision where they sent a letter to the board expressing their concerns regarding an applicant's request for zoning relief. In Orie, one of the objectors attended the board hearing, but he did not speak. We pointed out that the record did not indicate that the board required a written appearance. Further, we noted, although counsel may be expected to be familiar with a board's procedural and substantive rules, the average citizen would likely be unaware of a substantive rule requiring a written appearance. Thus, the better practice is for a zoning board to disclose and explain on the record, prior to the conclusion of the hearing, any steps a citizen must take to protect his appeal rights.

9

Ultimately, we held the objectors were aggrieved by the board's decision, and they first submitted their objections to the board by way of their letter, which was sufficient to confer standing. This Court further explained:

> Our decision in <u>Leoni</u> in no way diminishes our holding in <u>Gateside</u>. In <u>Leoni</u>, we held that adjoining property owners lacked standing to appeal a zoning hearing board's grant of a variance because they failed to participate in the proceedings *in any way*. We distinguished <u>Gateside</u> as a case in which the would-be appellant who had submitted an objection had in fact made an appearance within the meaning of the MPC, if not a personal appearance. 709 A.2d at 1003.

<u>Orie</u>, 767 A.2d at 625 (emphasis in original).

In a dissenting opinion, Judge Leadbetter (now Senior Judge Leadbetter) joined by then-President Judge Doyle, stated that, regardless of the objectors' good faith, or whether they reasonably believed sending a letter was a sufficient method of stating their objections, the board could not, as a matter of law, consider the letter in its deliberations as the letter was not made part of the record at the hearing. <u>See</u> Section 908(8) of the MPC, 53 P.S. §10908(8) ("The board … shall not communicate, directly or indirectly, with any party or his representatives in connection with any issue involved except upon notice and opportunity for all parties to participate, shall not take notice of any communication, reports, staff memoranda, or other materials, except advice from their solicitor, unless the parties are afforded an opportunity to contest the material so noticed ….").

Judge Leadbetter reasoned that letters to the board that are not made part of the record deprive other parties of the opportunity to answer or contest the matters they contain. Moreover, because such communications are not only outside the record, but may not be considered by the board in its deliberations, they are inadequate to preserve issues for appellate review. Thus, Judge Leadbetter stated, mere submission of a document that the board may not consider and that preserves no issues for appellate review was insufficient to preserve a right to appeal on the merits.

Judge Leadbetter further noted that in Gateside, the letter at issue was also not read into the record. However, Judge Leadbetter explained, it was evident that the mandate of Section 908(8) of the MPC was not before this Court in that case. Further, Judge Leadbetter stated, because the board in Gateside had a policy of accepting and considering such submissions (which were customarily read into the record) and advised the objectors of that policy, Gateside was distinguishable.

Ultimately, Judge Leadbetter agreed with the majority that the primary responsibility for assuring compliance with proper procedures and ensuring all parties have a right to be heard lies with the board. As such, she opined, where the objectors act in good faith and comply with all rules established by the board, the better approach is not to quash their appeal, but to remand for a supplemental hearing at which the written objection is made part of the record and other parties have an opportunity to respond. "Any appeal thereafter will be on a complete record and the reviewing court will be able to engage in meaningful appellate review." Id. at 626 (Leadbetter, J., dissenting).

11

Upon review, we are persuaded by the reasoning in Judge Leadbetter's dissenting opinion in Orie. As a result, we overrule the majority's decision in Orie. More particularly, although Objector here submitted a letter to the Supervisors stating her objections to MarkWest's proposed use, it is undisputed that this letter was not made part of the record before the Supervisors. Therefore, the Supervisors could not consider Objector's letter in their deliberations. Section 908(8) of the MPC. Further, because Objector's letter is not only outside the record, but could not be considered by the Supervisors in their deliberations, id., it is inadequate to preserve issues for appellate review. Orie (Leadbetter, J., dissenting).

However, primary responsibility for assuring compliance with proper procedures and ensuring all parties have a right to be heard lies with the Supervisors. Id. Because Objector apparently acted in good faith and complied with all rules established by the Supervisors, we remand for a supplemental hearing at which Objector's written objection can be made part of the record and other parties can have an opportunity to respond.[3] Id. Any subsequent appeal will be on a complete record, and the reviewing court will be able to engage in meaningful appellate review. Id.[4]

---

[3] In light of the specific facts presented here, we reject MarkWest's assertions that a remand would result in a waste of public resources and would be patently unfair to MarkWest, which already proceeded through the public hearing process on its conditional use application.

[4] Further, Grant v. Zoning Hearing Board of Township of Penn, 776 A.2d 356 (Pa. Cmwlth. 2001), Naimoli v. Zoning Hearing Board of Township of Chester, 425 A.2d 36 (Pa. Cmwlth. 1981), and Baker v. Zoning Hearing Board of West Goshen Township, Chester County, 367 A.2d 819 (Pa. Cmwlth. 1976), relied on by MarkWest for the proposition that *active*
**(Footnote continued on next page…)**

## IV. Conclusion

Based on the foregoing, we vacate the trial court's order and remand to the trial court for further remand to the Supervisors for a hearing at which Objector's written objection is made part of the record and other parties have an opportunity to respond.[5]

ROBERT SIMPSON, Judge

**(continued…)**

*participation* by an objector is necessary to confer party status before a zoning board, do not compel a different result. MarkWest is correct that the objectors in those cases were parties to the zoning board proceedings based on their appearances and active participation; however, those cases do not bar an individual from participating and obtaining party status through submission of a letter stating objections in the absence of an established procedure for obtaining party status or making an appearance. In fact, in Grant, this Court stated:

> [The applicant] argues that [the objectors] were not [parties] before the [b]oard because they did not formally enter an appearance before the [b]oard. However, as the trial court stated, which determination [the applicant] does not dispute, the [b]oard does not have an established policy that would allow those in attendance at the hearing to declare their status as parties to the hearing. As stated in [Orie], the average person would be unfamiliar with the rule requiring a written appearance. The better practice would be for the board to explain, on the record any steps a citizen must take to preserve his or her appeal rights.

Id. at 359 (record citation omitted).

[5] While MarkWest addresses other issues such as Objector's lack of direct proximity to the property, as MarkWest basically concedes, these issues are beyond the scope of the issue this Court agreed to consider in its order granting the permissive interlocutory appeal. Appellant's Br. at 3 n.1; see Cmwlth. Ct. Order, 8/21/18. As such, we do not address these other issues.

13

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Susan Coppola :
:
     v. : No. 930 C.D. 2018
:
:
:
Smith Township Board of Supervisors :
and MarkWest Liberty Midstream & :
Resources, LLC :
:
Appeal of:  MarkWest Liberty :
Midstream & Resources, LLC :

# **O R D E R**

**AND NOW**, this 2nd day of May, 2019, the order of the Court of Common Pleas of Washington County is **VACATED**, and this matter is **REMANDED** for further proceedings consistent with the foregoing opinion.

Jurisdiction is relinquished.

---

ROBERT SIMPSON, Judge