Newtown Heights Civic Association, Appellant *v.* The Zoning Hearing Board of Newtown Township et al., Appellees.

Argued December 15, 1982, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

439

*Charles W. Proctor, III,* for appellant.

*Michael R. Schwartz,* with him *Angelo Di Pasqua,* for intervenors/appellees.

*Gregory H. Lindsay,* for Amicus Curaie, Joseph F. and Ann G. Ciampaglia.

OPINION BY JUDGE CRAIG, January 28, 1983:

In this appeal from an order by Judge LABRUM of the Delaware County Court of Common Pleas, we must decide if the Newtown Heights Civic Association (Association) lacked standing as an "aggrieved party" under section 1007 of the Pennsylvania Municipalities Planning Code (MPC)[1] to appeal a Newtown Township Zoning Hearing Board decision which granted intervenors J. Allan Lester and his family a special exception to use their newly-acquired home as a religious film library and mail-order distribution center.

Specifically, on the intervenors' motion to dismiss, the common pleas court found that, in the record of the December 18, 1980 hearing before the board, there was "no mention . . . to support the existence of a group known as the Newtown Heights Civic Association. . . . [and] no record of any entry of appearance before the Board which would evidence the Association as having been a party at the hearing." Upon careful review of the record, we affirm.

---

[1] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10101-11202.

Because the Association has not challenged the validity of the zoning ordinance and because it is not a landowner seeking review or correction of a land use decision, section 1007 of the MPC governs its standing to appeal to the common pleas court. *Baker v. Zoning Hearing Board of West Goshen Township,* 27 Pa. Commonwealth Ct. 602, 367 A.2d 819 (1976).

Section 1007 provides, in pertinent part, that "[a]ppeals to court from the decision of the zoning hearing board may be taken by any *party aggrieved.*" (Emphasis added.) Section 908(3) of the MPC, 53 P.S. §10908(3), defines a "party" as follows:

> The parties to the hearing shall be the municipality, any person affected by the application who has made timely appearance of record before the board, *and any other person including civic or community organizations permitted to appear by the board.* The board shall have the power to require that all persons who wish to be considered parties enter appearances in writing on forms provided by the board for that purpose. (Emphasis added.)

Thus, to attain party status, civic or community organizations must enter or make a recognized appearance in some manner, the entry of an appearance in writing on forms provided by the board being one, but not the exclusive, method for securing that recognition. Here, however, no one identified himself as speaking for the Association.

The Association first contends that, because Judge LABRUM incorrectly labeled the Newtown Heights Civic Association as "newly created," he may have improperly based his order on *Wojtowicz v. Hanover Township Zoning Hearing Board,* 23 Pa. Commonwealth Ct. 12, 350 A.2d 419 (1976), where we held

that a citizens' organization had no standing because it had been formed only after the hearings.

The Association misreads Judge LABRUM's able opinion. He did not find, as the trial court found in *Hanover Township*, that the residents formed their organization after the hearing merely for the purpose of taking an appeal; he only noted that the Association had been newly created. If the Association indeed is over twenty-five years old, as it contends, then the finding is harmless error.

Second, the Association contends that the common pleas court misinterpreted section 908(3) by imposing upon all civic or community organizations a duty to file a written entry of appearance with the board as a precondition for attaining party status. We disagree.

After noting that the record made no reference to the Association's presence at the hearing, Judge LABRUM also observed that it had entered no appearance in writing. Clearly, Judge LABRUM only considered the lack of formal entry as further evidence that the Association never appeared before the board.

Finally, the Association contends that its secretary, John Taylor, testified at the December hearing and that he was more than a mere witness, having attained party status under *Baker*, 27 Pa. Commonwealth Ct. at 604-05, 606, 361 A.2d at 820-21, by cross-examining the intervenors, the attorney for the intervenors, and members of the board.

Unfortunately for the Association, Mr. Taylor only spoke at the hearing as a resident of the community; he never identified himself as a representative of any organization. *Cf. Northampton Residents Association v. Northampton Township Board of Supervisors*, 14 Pa. Commonwealth Ct. 515, 322 A.2d 787

(1974) (association lacked standing to challenge procedural validity of ordinance because, even though certain members of association may have appeared as witnesses before board, they failed to identify themselves as association members, failed to state they were speaking on association's behalf, and appeared as mere witnesses, not as parties).

*Hanover Township*, conferring standing upon individuals who participated extensively in board proceedings, 23 Pa. Commonwealth Ct. at 16, 350 A.2d at 422, is inapplicable because here only Newtown Heights Civic Association claims a right to party participation; this action was not prosecuted in Mr. Taylor's name or in the name of any other member or members of the Association as trustees ad litem, as required by Pa. R.C.P. No. 2152.[2]

Accordingly, we affirm.[3]

## ORDER

Now, January 28, 1983, the order of the Court of Common Pleas of Delaware County, No. 81-2125, is hereby affirmed.

---

[2] Pa. R.C.P. No. 2152 provides:

An action prosecuted by an association shall be prosecuted in the name of a member or members thereof as trustees ad litem for such association. An action so prosecuted shall be entitled "X association by A and B, Trustees ad Litem" against the party defendant.

We need not reach the issue of whether failure to meet Rule 2152's requirement is fatal to the Association's appeal, because the intervenors only raised this issue of non-compliance on appeal. *In Re Barlip*, 59 Pa. Commonwealth Ct. 178, 428 A.2d 1058 (1981) (court will not permit objection concerning compliance with Rule 2152 to be raised for first time on appeal, despite validity of appellant's observation).

[3] Because we have held that the Association is not a party, we need not decide if it is aggrieved.