636 A.2d 231

In re Application of ROUSE & ASSOCIATES SHIP ROAD LAND LIMITED PARTNERSHIP For Approval of a Preliminary Plan of Subdivision and Land Development Pursuant to the East Whiteland Township Subdivision and Land Development Ordinance, Current Edition, and the East Whiteland Township Zoning Ordinance, Current Edition.

Appeal of Edward T. ALEXANDER, Concerned Citizens of East Whiteland, Trout Unlimited (Valley Forge Chapter), West Chester Fish, Game and Wildlife Association, Inc., Appellants.

Commonwealth Court of Pennsylvania.

Argued Sept. 15, 1993.

Decided Dec. 29, 1993.

Robert J. Carey, for appellants.

Thomas A. Riley, Jr., for appellee Rouse & Associates—Ship Road Land Ltd. Partnership.

Ronald M. Graham, for amicus curiae Green Valleys Ass'n of Southeastern PA, Inc.

Before CRAIG, President Judge, and DOYLE, COLINS, PALLADINO and FRIEDMAN, JJ.

DOYLE, Judge.

Edward T. Alexander, Concerned Citizens of East Whiteland, Trout Unlimited (Valley Forge Chapter), West Chester Fish, Game and Wildlife Association, Inc., (collectively, Objectors) appeal from the order of the Court of Common Pleas of Chester County that dismissed Objectors' petition to intervene as well as its notice of appeal.

This case began on September 12, 1990, when Rouse & Associates—Ship Road Land Limited Partnership (Developer) filed a preliminary subdivision and land development plan (subdivision plan) with East Whiteland Township for a multifamily development known as "Valley Crossing." At the same time an application for a special exception was also filed with the East Whiteland Township Zoning Hearing Board (Zoning Board). Developer thereafter appeared at numerous meetings before the East Whiteland Township Board of Supervisors (Supervisors) and the East Whiteland Township Planning Commission (Planning Commission). Concurrently, Develop-

er appeared at nineteen (19) separate hearings before the Zoning Board seeking a special exception necessary for multi-family use. Objectors, who appeared at none of the previous meetings, were present at the last Zoning Board meeting in order to present evidence concerning their objections to the proposed sewage treatment facility, and were permitted to present evidence as to their standing and to cross-examine witnesses and present evidence as a party. The Board ultimately determined that Objectors had no standing to be a party before the Board.

Following review of the subdivision plan, the Planning Commission expressed concern that the plan, among other shortcomings, "failed to provide for adequate sewerization." The Supervisors, in response to the Planning Commission's concern, appointed a committee to develop conditions which Developer would have to meet before the subdivision plan would be accepted. One of the conditions for approval required Developer to provide sewage disposal for Valley Crossing by means of an on-site treatment plant. The Developer had initially proposed a system of sewage disposal through the municipal Valley Forge Treatment Plant. At their August 19, 1991, meeting, the Supervisors executed an order granting preliminary approval of the subdivision plan.

On September 18, 1991, Objectors filed a "Petition for Leave to Intervene" in the subdivision plan proceedings with the trial court. Paragraph 10 of the petition stated that, "[i ]f permitted, to intervene, petitioners *will* file the attached notice of appeal." (Emphasis added.) The proposed notice of appeal, however, was not attached to the petition but was enclosed in the same manila envelope and was time-stamped and filed at the same court term and number (Chester County docket No. 91–08788) as the petition for leave to intervene. This has led to considerable confusion.

Developer filed a motion to dismiss Objectors petition for leave to intervene, essentially, because (1) there was no "action" in which to intervene as required by Pa.R.C.P. No. 2327 (2) the petition was not a request for relief ancillary to a cause of action as required by Chester County R.C.P. No. 206.1.B(1)

and (3) the petition did not contain a rule to show cause as required by Chester County R.C.P. No. 206.1.B(3). The trial court granted Developer's motion to dismiss, by an order dated January 3, 1992, finding that there was no "action" before the court in which Objectors could intervene.

Objectors appealed the January 1992 order to this Court, filing a statement of matters complained of in which they asserted, *inter alia*, that the order did not dispose of the entire matter, *i.e.*, the alleged notice of appeal, and that the petition for leave to intervene was merely filed as a protective measure. Objectors also filed forty affidavits from some 38 individuals, asserting their concern over the sewage treatment proposal. Developer then filed a motion with the trial court for clarification of the January 1992 order pursuant to Pa. R.A.P. 1701(b)(1).[1] The trial court granted Developer's request for clarification and entered a second order on April 14, 1992, stating that the intent of its first order was to dismiss all matters docketed at No. 91–08788, including Objectors' "appeal" on the basis that they lacked standing. Objectors then appealed the second order of April 14, 1992, to this Court. The appeals were consolidated by this Court for purposes of argument.

The case was initially argued before a panel of this Court on November 20, 1992. By order of February 10, 1993, the majority of the panel reversed the trial court, determining that the Objectors had demonstrated they had standing to appeal the preliminary subdivision plan, and remanded the case back to the trial court. However, on February 8, 1993, two days before this Court's opinion was filed, all Objectors who were residents of East Whiteland Township entered into

1. Pa.R.A.P. 1701(b)(1) provides that:

 After an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may:

  (1) Take such action as may be necessary to preserve the status quo, correct formal errors in papers relating to the matter, cause the record to be transcribed, approved, filed and transmitted, grant leave to appeal in forma pauperis, grant supersedeas, and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding.

a stipulation with the Developer wherein they agreed to withdraw both of their appeals before this Court.

Praecipes for the withdrawal of the resident Objectors' appeals were filed with this Court on February 11, 1993, at which time the parties were still unaware of the panel's decision. Because the panel had reached a decision and filed its opinion and order, the praecipes were returned. Developer filed a Petition for Reargument which we granted on April 15, 1993. The effect of that order was, of course, to vacate our previous order and withdraw the prior opinion. The stipulation for withdrawal of the resident Objectors from the case was subsequently refiled with this Court and we issued Notices of Discontinuance with regard to the resident Objectors only.[2]

On appeal,[3] the remaining Objectors, Trout Unlimited (Valley Forge Chapter), a conservation organization dedicated to preserving cold water resources for current and future recreational use, and West Chester Fish, Game, and Wildlife Association, an association of sportsmen dedicated to preserving streams and waterways for sports and recreation, argue[4] that the trial court erred in dismissing their petition to intervene, because (1) it dismissed Objectors' appeal on procedural grounds without allowing them to establish their standing, and (2) Objectors have standing to appeal, or at least have established enough interest in the outcome of the appeal to merit a hearing on the issue of standing.[5]

2. This resulted in the appeal docketed at No. 1018 C.D.1992, which is the appeal from the lower court's order of April 14, 1992, being completely discontinued because there were no other parties appellant to continue that appeal.

3. Because the trial court considered additional evidence which was not presented to the Board of Supervisors, the proper scope of review is whether the trial court, rather than the governing body, committed an error of law or an abuse of discretion. *Claremont Properties, Inc. v. Board of Township Supervisors of Middlesex Township*, 118 Pa.Commonwealth Ct. 527, 546 A.2d 712 (1988).

4. The remaining Objectors, as appellants, filed only one joint brief.

5. Before the trial court, Objectors argued that they had a right to intervene as of course pursuant to Section 1004–A of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as*

■ We begin by determining that Objectors never filed a notice of appeal in the trial court but filed only a Petition to Intervene pursuant to Section 1004-A of the MPC, 53 P.S. § 11004-A, and that the "attached" notice of appeal was to be filed only "if" intervention was granted and was not filed simultaneously as a "protective measure." The intervention mechanism of the MPC is provided to allow landowners and tenants whose property is directly and adversely affected by a board or agency's decision below to intervene in an appeal. Section 1004-A of the MPC, 53 P.S. § 11004-A, provides that:

> *Within the 30 days first following the filing of a land use appeal,* if the appeal is from a board or agency of a municipality, the municipality and any owner or tenant of property directly involved in the action appealed from may intervene as of course by filing a notice of intervention, accompanied by proof of service of the same, upon each appellant or each appellant's counsel of record. All other intervention shall be governed by the Pennsylvania Rules of Civil Procedure. (Emphasis added.)

The clear language of the statute indicates that the right to intervene pursuant to the MPC and the Pennsylvania Rules of Civil Procedure, is only triggered when a statutory land use appeal has been filed. Furthermore, Pa.R.C.P. No. 2326 also requires that there be an action brought in or appealed to a court of record in which to intervene. In the absence of such an appeal, Objectors simply have no right to intervention. Such is the case here.

■ Even if we were to assume that Objectors had filed a notice of appeal, we would have to agree with the trial court

*amended,* 53 P.S. § 11004-A. Objectors have abandoned this argument on appeal by failing to address the issue anywhere in their brief and by failing to list it in the statement of questions involved. Rule of Appellate Procedure 2116 states that, "no point will be considered which is not set forth in the statement of questions involved or suggested thereby." Pa.R.A.P. 2116. Furthermore, the remaining Objectors are not "owners or tenants of property directly involved in the action appealed from" pursuant to Section 1004-A of the MPC, 53 P.S. § 11004-A, and would have to intervene pursuant to the Pa.R.C.P. Nos. 2326-2349.

regarding the issue of standing and quote with approval from the able opinion of Judge Charles Smith:

> [W]e find that Petitioners do not have standing to appeal the Decision of the Board of Supervisors. The MPC § 1002-A [53 P.S. § 11002-A] governs the filing of an appeal and that section no longer specifically requires that a protestant who wishes to contest a decision by a zoning hearing board or a governing body which is favorable to a landowner be a 'person aggrieved.'[3]

> _____
>
> [3] The old MPC, § 1007 permitted a 'person aggrieved' or a 'party aggrieved' to appeal a zoning decision. Since Petitioners in the instant action were not actually named on the record during any of the Township proceedings, either individually or in a representative capacity for their respective associations, none of them have achieved party status. See *Newtown Heights Civic Association v. Zoning Hearing Board of Newtown Township*, 71 Pa.Cmwlth. 438, 454 A.2d 1199 (1983); *Borough of Malvern v. Agnew*, 11 Pa.Cmwlth. 285, 314 A.2d 52 (1973). Therefore, this Court only needs to address whether Petitioners are 'persons aggrieved.'

> However, according to Ryan, *Pennsylvania Zoning Laws and Practice*, Supplement, at § 9.5.5, p. 140,

> ... this should not result in a change in the law, for the 'person aggrieved' standard simply expresses the general rule that a person contesting a zoning determination have an interest in the matter sufficient to give him standing.

> As such, Petitioners must be 'persons aggrieved' in order to have standing to initiate an appeal of the Board of Supervisors' Decision.

Trial Court Opinion at 4–5 (footnote 2 omitted).

After the withdrawal of the resident Objectors, the remaining Objectors do not own any property that will be affected by the subdivision plan, but merely assert that the waterways they seek to protect and utilize for recreational purposes will be adversely affected by the planned sewage treatment method. The remaining Objectors' interest in the decision is not sufficiently immediate, substantial or direct because they assert only an abstract *potential* injury to their recreational activities. *See Pittsburgh Trust for Cultural Resources v. Zoning Board of Adjustment*, 145 Pa.Commonwealth Ct. 503,

604 A.2d 298 (1992). As such, the remaining Objectors' interest in appealing the Supervisors' decision is simply too tenuous to confer standing upon them.[6] *Newtown Heights.*

Had there been a land use appeal taken by a party in this case,[7] the resident Objectors might have been permitted to intervene under either Section 1004–A of the MPC, 53 P.S. § 11004–A, or Pa.R.C.P. No. 2327. However, sympathetic we may be to the remaining Objectors' opposition to the planned sewage treatment method, they do lack standing to directly appeal the Board's decision and lack the right to intervene in this case.[8]

Based on the foregoing discussion, we affirm the trial court's order.

## ORDER

NOW, December 29, 1993, the order of the Court of Common Pleas of Chester County in the above-captioned matter is hereby affirmed.

PELLEGRINI, J., did not participate in the decision on this case.

---

6. Furthermore, in reference to the issue of standing, "[t]his Court rejects the ... reasoning that in order to be aggrieved, the parties had to establish *pecuniary or financial loss* as a result of the proposed use...." *In re Hoover,* 147 Pa.Commonwealth Ct. 475, 483, 608 A.2d 607, 611 (1992) (emphasis added).

7. Nowhere in their briefs have the remaining Objectors alleged that they entered their appearances below or were improperly precluded from appearing, so any such argument is waived. *See* n. 4 *supra.*

8. We note in passing that at such time that Developer seeks approval from the Department of Environmental Resources for its planned sewage treatment method, Objectors will have an ample opportunity to intervene in that proceeding pursuant to Section 615 of the Solid Waste Management Act, Act of July 7, 1980, P.L. 380, 35 P.S. § 6018.615.