Lower Paxton Township *v.* Fieseler Neon Signs. Exxon Corporation, Appellant.

Argued June 9, 1978, before Judges CRUMLISH, JR., BLATT and DiSALLE, sitting as a panel of three.

*Robert C. Spitzer,* with him *Nauman, Smith, Shissler & Hall,* for appellant.

*Bernadette Barattini,* with her *Wix, Wenger & Weidner,* for appellee.

OPINION BY JUDGE DiSALLE, September 13, 1978:

Exxon Corporation (Exxon) filed this appeal from the order of the Court of Common Pleas of Dauphin County dated April 15, 1977. The order denied Exxon's motion to quash the appeal of the Board of Supervisors of Lower Paxton Township (Township) from the determination by the Township's Zoning Hearing Board (Board) that Exxon's contractor, Fieseler Neon Signs (Fieseler), was entitled to a variance to place a high rise sign 98 feet above an Exxon gas station.

On September 13, 1976, Fieseler applied to the Township for a building permit to construct a sign on property owned by Exxon near Interstate I-81. Since construction of the sign to a height of 98 feet required a variance under the Township Zoning Ordinance, the zoning officer denied the building permit.

On October 14, 1976, a hearing was held before the Board on Fieseler's application for a variance. Except for the Township zoning officer, who testified that he denied Fieseler's application for a building permit because of the Zoning Ordinance requirements, the Township did not appear nor participate in the hearing. The Board granted the variance and the Township appealed the decision to the Court of Com-

mon Pleas of Dauphin County. Exxon then intervened in the lower court action and filed a motion to quash the Township's appeal. The lower court denied the motion to quash and Exxon appealed the denial to this Court.

Although neither party has challenged the jurisdiction of this Court over the matter presently before us, the propriety of the instant appeal must be seriously questioned. We raise this issue sua sponte since the Court cannot assume appellate jurisdiction solely by virtue of the consent or agreement of the parties. *Western Pennsylvania Water Co. v. Pennsylvania Public Utility Commission,* 471 Pa. 347, 370 A.2d 337 (1977); *Stadler v. Mt. Oliver Borough,* 373 Pa. 316, 95 A.2d 776 (1953).

Our Supreme Court in *T.C.R. Realty, Inc. v. Cox,* 472 Pa. 331, 372 A.2d 721 (1977), stated:

It is fundamental law in this Commonwealth that an appeal will lie only from final orders, unless otherwise expressly permitted by statute. Caplan v. Keystone Weaving Mill, 431 Pa. 407, 246 A.2d 384 (1968); Stadler v. Mt. Oliver Borough, supra. . . . In ascertaining what is a 'final order,' we have looked beyond the technical effect of the adjudication to its practical ramifications. Bell v. Consumer Discount Company, 465 Pa. 225, 348 A.2d 734 (1975). We have variously defined a final order as one which ends the litigation, or alternatively disposes of the entire case. Piltzer v. Independence Savings and Loan Association, 456 Pa. 402, 404, 319 A.2d 677, 678 (1974); James Banda, Inc. v. Virginia Manor Apartments, Inc., 451 Pa. 408, 409, 303 A.2d 925, 926 (1973). Conversely phrased, an order is interlocutory and not final unless it effectively puts the litigant 'out of court.' Ventura v. Skylark Motel, Inc.,

431 Pa. 459, 463, 246 A.2d 353, 355 (1968). In Marino Estate, 440 Pa. 492 494, 269 A.2d 645, 646 (1969), we said that an order is not interlocutory if it precludes a party from presenting the merits of his claim to the lower court. 472 Pa. at 337, 372 A.2d at 724.

Absent a specific statutory provision authorizing the instant appeal, it is clear that it must be denied as interlocutory. A litigant who has had such a motion denied is not "out of court;" he may still proceed on the merits in the court below. We have previously expressed concern over the increasing number of cases taken to our appellate courts and the concomitant burden placed upon us to assure that the rights of litigants are not compromised. *See Farrington v. Department of Transportation,* 35 Pa. Commonwealth Ct. 373, 387 A.2d 136 (1978). When we must expend our time disposing of appeals, clearly interlocutory, an expeditious determination of the rights of those litigants properly before us is impaired. As a result, we must become ever more vigilant in assuring that appeals fall within our appellate jurisdiction.

Exxon asserts that our jurisdiction to hear the instant appeal is based on Section 501(a) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211.501(a), which permits an appeal "authorized by law" to be taken from an interlocutory order. It is claimed that Pa. R.A.P. No. 311(a) and Section 1 of the Act of March 5, 1925 (Act), P.L. 23, *as amended,* 12 P.S. §672, provide this authorization. Section 1 allows an appeal "[w]henever in any proceeding at law or in equity the question of jurisdiction over the defendant or of the cause of action for which suit is brought is raised in the court of first instance. . . ." However, the availability of the Act as a vehicle for appeal of an order that would otherwise be interlocutory and unappeal-

able at this stage depends upon whether a true question of jurisdiction is raised. *Studio Theaters, Inc. v. Washington,* 418 Pa. 73, 209 A.2d 802 (1965); *Sperry and Hutchinson Co. Appeal,* 32 Pa. Commonwealth Ct. 599, 379 A.2d 1378 (1977).

Stated simply, the issue Exxon raised in its motion to quash before the lower court, and which it reiterates before this Court, is whether the Township is a party to this suit so as to permit it to appeal the Board's granting of the variance to the court of common pleas. This issue is obviously one of standing, not jurisdiction. Since a controversy over standing does not involve a true question of jurisdiction, *see Witney v. Lebanon City,* 369 Pa. 308, 85 A.2d 106 (1952); *Zerbe Township School District v. Thomas,* 353 Pa. 162, 44 A.2d 566 (1945), Exxon's reliance upon Section 1 of the Act is misplaced. We conclude that the instant appeal is improperly before us and should, therefore, be quashed. However, in the interest of judicial economy, and because the case is one of first impression, we will nevertheless address the merits.

Exxon argues that the Township has no standing to appeal the Board's decision because it is not a "party aggrieved" as contemplated by Section 1007 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11007.

Section 1007 provides:

Persons aggrieved by a use or development permitted on the land of another who desire to secure review or correction of a decision or order of the governing body or of any officer or agency of the municipality which has permitted the same, on the grounds that such decision or order is not authorized by or is contrary to the provisions of an ordinance or map

shall first submit their objections to the zoning hearing board under sections 909 and 915. The submission shall be governed by the provisions of section 1005.

Appeals to court from the decision of the zoning hearing board may be taken by any party aggrieved by appeal filed not later than thirty days after notice of the decision is issued.

This language indicates that while any *person* aggrieved by a decision regarding use of another's land may appeal to a zoning hearing board, it is necessary, for an appeal to be taken from the action of the zoning hearing board, for the appellant to have been a *party* before the board. *See Baker v. Zoning Hearing Board of West Goshen Township,* 27 Pa. Commonwealth Ct. 602, 367 A.2d 819 (1976); *Citizens for a Clean Environment v. Zoning Hearing Board of Hanover Township,* 23 Pa. Commonwealth Ct. 12, 350 A.2d 419 (1976). Section 908(3) of the MPC, 53 P.S. §10908(3), governs who will be considered a "party" before a zoning hearing board. It is stated therein:

The parties to the hearing *shall be the municipality,* any person affected by the application who has made timely appearance of record before the board, and any other person including civic or community organizations permitted to appear by the board. The board shall have power to require that all persons who wish to be considered parties enter appearances in writing on forms provided by the board for that purpose. (Emphasis added.)

Clearly then, under Section 908(3), the municipality is a party to the zoning board proceedings.[1] The

---

[1] We note that Section 908(3) was amended in 1972. The language of this Section, prior to its amendment, stated:

fact that the Township does not appear at the hearing to object or contest the variance application is inconsequential.

Having determined that the Township is a party to the instant proceedings, the next inquiry is whether the Township is a "party aggrieved" for appeal purposes. In designating a municipality as a party to all zoning board hearings, it is clear that the legislature intended that it be the collective representative of all residents and property owners, and, as such, interested in the proper enforcement and application of its zoning ordinance. In the instant case, the Township claims that the Board abused its discretion in granting the variance and that the decision was contrary to the law applying to variances. In our view, the legislature has declared that a township has such an interest as would cause it to be aggrieved, for purposes of appeal, by a decision of the Zoning Hearing Board which it considered to be adverse to its best interests. Since the Township is a "party aggrieved," it may appeal the zoning board decision to the lower court, even though it did not participate in the hearing before the zoning hearing board.

Alternatively, Exxon contends that the Township waived its right to appeal by not participating in the proceedings before the zoning board. We strongly disagree. To impose the burden of requiring a mu-

---

The parties to the hearing shall be any person who is entitled to notice under clause (1) without special request therefore [sic] who has made timely appearance of record before the board and any other person permitted to appear by the board.

When we compare this language with the amending language, two obvious changes have been made: first, it is clear that the municipality has been expressly designated a party before the zoning hearing board, and, second, that its being a party is not conditioned upon its entering an appearance before the zoning hearing board.

nicipality to participate in every hearing for a variance lest it waive its right to challenge the zoning board's action would be unreasonable.

We will affirm the order of the lower court and remand this case for further proceedings.

### Order

And Now, this 13th day of September, 1978, the order of the Court of Common Pleas of Dauphin County, dated April 15, 1977, is hereby affirmed and the case is remanded to the court below for further proceedings.