Red Lion Borough, : 
            Appellant : 
             : 
             : 
        v. : 
             : 
Red Lion Borough Zoning :   No. 55 C.D. 2017
Hearing Board and ArthurLee, LLC :   Argued: September 11, 2017


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE JOSEPH M. COSGROVE, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE             FILED: October 20, 2017


       Before this Court is the zoning appeal of Red Lion Borough (Borough) from the December 14, 2016 order of the Court of Common Pleas of York County (trial court), which upheld the June 14, 2016 decision of the Red Lion Borough Zoning Hearing Board (Board) approving the special exception and variance request of ArthurLee, LLC. (AL) Upon review, we affirm.

       AL is the owner of real property located at 84-90 North Main Street, Red Lion, Pennsylvania, 14356, York County Tract Nos. 82-03-167B, 82-03-167A, 82-03-167 (Property). (R.R. at 5a-11a.) AL permits a neighboring used car lot to park used car inventory on the Property.

       On March 15, 2016, AL received a zoning enforcement letter from the Borough zoning and codes enforcement officer alerting AL it needed a special exception to park extra used cars on the Property. *Id*. at 13a-14a. On or about March

29, 2016, AL filed an application for a special exception for automobile sales lot as well as a variance to waive the requirement for a 1600 square foot display building. *Id.*

On May 17, 2016, the Board held a hearing on the zoning application. At the conclusion of the hearing, the Board orally granted the special exception and variance, finding that AL met all requirements of the zoning ordinance (Ordinance) except Section 27-605.C.[1]  The Board also granted a variance from the requirements of Subsection 27-605.C.  Thereafter, on June 14, 2016, the Board issued its written decision approving the special exception and variance.  (Board Opinion, 6/14/16, at 6.)

On July 13, 2016, the Borough filed an appeal with the trial court arguing that AL did not meet all relevant requirements of the Ordinance for the special exception, specifically failing to present evidence it could meet the 80-foot minimum lot width requirement of Section 27-605.B.[2]  By order filed December 14, 2016, the trial court dismissed the Borough's appeal, holding that "[t]he issue of whether the lot in question met the [80-foot minimum lot] width requirements was

---

[1] The variance from Subsection 27-605.C involved square footage requirements for an indoor display area for the cars.  Appellee has since removed this subsection from the Ordinance by amendment approved on January 9, 2017.

[2] Section 27-605(B) of the Ordinance (pertaining to automobile and/or trailer sales; automobile body shop and/or automobile garages) states:

> …
> B.  Lot width *shall* be 80 feet, *minimum*.

Certified Record (C.R.), Item #14 at 27-64; Ordinance, §27-605(B).  (Emphasis added.)

never placed squarely before the [Board]." Trial Court Opinion, 12/14/16, at 2-3. This appeal followed.[3]

## Discussion

The Borough argues the trial court erred in dismissing its appeal, thereby affirming the Board's grant of a special exception, on the basis that the Borough did not attend the zoning hearing. The Borough maintains it has statutory standing to appeal any decision of its Board pursuant to Section 908(3) of the Pennsylvania Municipalities Planning Code (MPC).[4]

Section 908(3) of the MPC provides:

> (3) The parties to the hearing *shall be the municipality*, any person affected by the application who has made timely appearance of record before the board, and any other person including civic or community organizations permitted to appear by the board. The board shall have power to require that all persons who wish to be considered parties enter appearances in writing on forms provided by the board for that purpose.

53 P.S. §10908(3). (Emphasis added.)

Citing *West Manchester Township v. Zoning Hearing Board of West Manchester Township*, 403 A.2d 234 (Pa. Cmwlth. 1979), the Borough asserts it has the authority to appeal a decision by the Board even if it did not participate in the proceedings before the Board or otherwise object. "[T]he municipality is made a

---

[3] This Court's scope of review when no additional evidence is taken following the determination of a zoning hearing board is limited to determining whether the board committed a manifest abuse of discretion or an error of law. *Slice of Life, LLC v. Hamilton Township Zoning Hearing Board*, 164 A.3d 633 (Pa. Cmwlth. 2017).

[4] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 10908(3).

party to all zoning board proceedings whether or not the municipality appears at the hearings or otherwise objects and thus has standing to appeal an adverse decision of the zoning board." *Id*. at 234-35.

The legislature's purpose for providing the municipality with this statutory standing, argues the Borough, was "succinctly and eloquently stated"[5] in the nearly identical factual situation presented by *Lower Paxton Township v. Fieseler Neon Signs,* 391 A.2d 720 (Pa. Cmwlth. 1978). "To impose the burden of requiring a municipality to participate in every hearing for a variance lest it waive its right to challenge the zoning board's action would be unreasonable." *Id.* at 723. The Borough contends the only difference between the facts presented in *Lower Paxton* and the case *sub judice* is the applicant in *Lower Paxton* requested a variance, whereas, here, AL requested a special exception.[6]

Relying on *Elizabethtown/Mt. Joy Associates, L.P. v Mt. Joy Township Zoning Hearing Board*, 934 A.2d 759 (Pa. Cmwlth. 2007), the Borough further argues the Board may only grant a special exception if the applicant complies with the specific ordinance requirement at the time the application is presented to the Board. Because the applicant must meet *all* specific requirements of the Ordinance relative to the use of the property, the Borough contends AL has the duty to present evidence and the burden of persuading the Board that the proposed use satisfies the specific and objective requirements of the Ordinance for the proposed use. *Greaton Properties, Inc. v. Lower Merion Township*, 796 A.2d 1038 (Pa. Cmwlth. 2002). According to the Borough, since Section 27-605.B of the zoning ordinance requires a minimum lot width of 80 feet for the proposed use (in connection with an

---

[5] Appellant's Brief at 7.

[6] The variance in *Lower Paxton* and the special exception here each require the applicant to meet specific criteria in order to receive the relief requested.

automobile sales lot), the issue of compliance with the lot width requirement was not and could not be waived because it is part of the specific requirements of the Ordinance which AL was required to meet, and the Borough could appeal the Board's decision "because the proper criteria for the relief requested was not met by [AL]."[7]

AL counters that the Board did not abuse its discretion or commit an error of law when it granted a special exception permitting it to use the Property as an automobile sales lot pursuant to Section 27-605(B) of the Ordinance. AL asserts the Borough never raised the issue of the 80-foot minimum lot width before the Board and, consequently, the issue is waived. AL maintains the Board hearing transcript is "clearly devoid"[8] of any mention of lot width and a review of the transcript proves the Board solicitor asked AL if it wished to amend its application to ask for a variance *only from* the 12,000 minimum square footage requirement.

> [Board member/solicitor Markey] …The special exception obviously is a permitted use. And provided that [AL] can satisfy each of those criteria, which they've set out in their application as well as in their testimony here tonight and at the planning commission minutes, subject to the showroom, the only other issue then remaining would be the 12,000 square feet, which they appear to be over even considering maybe [Nevin] Horne's[ [9] ] suggestion or at least raising it to our attention.
>
> What I would recommend, because I think the [B]oard is inclined to approve this, I would recommend to [AL] that to be safe you request in the alternative a variance from

---

[7] Appellant's Brief at 10.

[8] Appellee's Brief at 4.

[9] Nevin Horne is identified as a councilman and "chair of planning, zoning and redevelopment." (R.R. at 18a.)

5

the 12,000 square feet [minimum square footage requirement]. So it would appear the [B]oard is inclined to approve the request, so [the Board] would approve a variance then for the showroom and they would approve a variance just in the event that you would be shy of the 12,000 square feet for some reason. That would give you then an approval of the special exception and the two variances which would give what [the Board] desire[s].

R.R. at 25a-26a.

AL points out the zoning officer for the Borough, an officer and agent of Borough who attended the hearing, could have raised the issue of the lot width on behalf of the Borough and failed to do so. Therefore, AL argues, the Borough's failure to raise the issue of lot width before the Board effectuated a waiver and precluded the trial court from considering the issue on appeal. Citing *813 Associates v. Zoning Hearing Board of Springfield Township*, 479 A.2d 677, 680 (Pa. Cmwlth. 1984), AL maintains it is well-established in the Commonwealth that an issue not raised before a zoning hearing board may not be raised and considered for the first time on appeal. We agree.

The Borough's suggestion that the trial court dismissed its appeal, at least in part, "because the [Borough] did not attend"[10] the hearing before the Board completely misstates the trial court's actions. In fact, the trial court recognizes the presence and participation of the Borough at the Board hearing, but rejects the notion that the issue of lot size was properly presented: "A fair reading of the transcript [of the Board hearing] … reveals that the reference to lot width was purely incidental to a discussion regarding requirements for square footage." (Trial Court Opinion, 12/14/16, at 2.) Explaining its reasoning further, the trial court, in its opinion issued

---

[10] Appellant's Brief at 7.

6

pursuant to Rule 1925(a) (1925 Opinion), Pa.R.A.P. 1925(a), stated that while it found:

> [T]he 80 foot requirement had been raised at various times [by the Borough] during the hearing it was 'purely incidental to a discussion regarding requirements for square footage.' Specifically, the trial court found that the issue of whether or not the lot in question met the size requirements of the zoning ordinance was 'never place[d] square[ly] before the [Board]' and therefore had been waived.

(1925 Opinion, 2/28/17, at 2). (Internal citations omitted.) Against this backdrop, it is clear the Borough's claim that the trial court found its claim "waived by the failure of the Borough to attend the zoning hearing"[11] is completely without merit.

We further reject the Borough's interpretations of *Lower Paxton Township* and *West Manchester Township* as those decisions are readily distinguishable from the case *sub judice*. In *Lower Paxton Township*, the township's standing to appeal was the specific issue before this Court. The initial hearing before the Board of Supervisors of Lower Paxton Township (township board) concerned the denial of a building permit by the township zoning officer. But for the testimony of the zoning officer as to the reasons for his denial, the township did not participate in the hearing. The township board granted the variance and the township appealed. Exxon, as intervenor, filed a motion to quash the appeal, which the Court of Common Pleas of Dauphin County denied.

It was this denial which was appealed. As such, this Court initially noted that the "appeal is improperly before us and should, therefore, be quashed."

---

[11] Appellant's Brief at 11.

*Lower Paxton Township*, 391 A.2d at 722.  However, "in the interests of judicial economy,"[12] the Court addressed the merits.

Exxon argued the township lacked standing because it was never a party before the board and, consequently, it was not aggrieved by the board's decision. This Court concluded the township's standing was made clear by the legislature.

> In designating a municipality as a party to all zoning board hearings, it is clear that the legislature intended that it be the collective representative of all residents and property owners, and, as such, interested in the proper enforcement and application of its zoning ordinance.  In the instant case, the Township claims that the [b]oard abused its discretion in granting the variance and that the decision was contrary to the law applying to variances.  In our view, the legislature has declared that a township has such an interest as would cause it to be aggrieved, for purposes of appeal, by a decision of the Zoning Hearing Board which it considered to be adverse to its best interests.  *Since the Township is a "party aggrieved", it may appeal the zoning board decision to the lower court, even though it did not participate in the hearing before the zoning hearing board…*
>
> …To impose the burden of requiring a municipality to participate in every hearing for a variance lest it waive its right to challenge the zoning board's action would be unreasonable.

*Lower Paxton Township*, 391 A.2d at 723.  (Emphasis added.)[13]

Further distinguishing *Lower Paxton Township* is the fact that in the present case, the trial court specifically recognized the Borough's right to appeal an adverse decision of the Board:  "[The] Borough has statutory standing to appeal any

---

[12] *Lower Paxton Township*, 391 A.2d at 722.

[13] The brief decision in *West Manchester Township* merely reaffirmed the underlying holding of *Lower Paxton Township*.

8

decision of its zoning hearing board pursuant to Section 908(3) of the Pennsylvania Municipalities Planning Code [53 P.S. § 10908(3)]." (Trial Court Opinion, 12/14/16, at 2.) What the Borough seems to argue, however, is that its right to appeal somehow exempts it from preserving issues on appeal. Although it participated in the hearing before the Board, it failed to raise the issue of lot size at that hearing. Moreover, on appeal from the Board's decision, the Borough did not request the opportunity to present additional evidence before the trial court as is statutorily allowed. *See* 53 P.S. § 11005-A of the MPC, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 1105-A. This left the trial court (and us) with a record created at the Board level. There is nothing in the law which gives special license to the Borough to avoid the peril of waiver when it fails to take appropriate steps to preserve the issues it seeks to present on appeal.

For these reasons, the order of the trial court is affirmed.

_____
JOSEPH M. COSGROVE, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Red Lion Borough,      :
      Appellant   :
             :
    v.       :
             :
Red Lion Borough Zoning   :  No. 55 C.D. 2017
Hearing Board and ArthurLee, LLC :

## O R D E R

   AND NOW, this 20th day of October, 2017, the order of the Court of Common Pleas of York County is affirmed.

            _____
            JOSEPH M. COSGROVE, Judge