# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Forty Foot Farms, : 
               Appellant : 
                : 
        v. : No. 501 C.D. 2018
                : Submitted: March 14, 2019
Pennsylvania Turnpike Commission : 

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
             HONORABLE ANNE E. COVEY, Judge (P.)
             HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**             **FILED: April 2, 2019**

Before this Court is the appeal of Forty Foot Farms (Condemnee) from two orders of the Court of Common Pleas of Montgomery County (trial court).[1] The trial court granted two pretrial motions by the Pennsylvania Turnpike Commission (Condemnor) to preclude Condemnee's proposed expert testimony in an eminent domain proceeding. Condemnee requested that the trial court certify one of the evidentiary rulings for immediate appeal, but the trial court refused. Seeking to circumvent the trial court's denial of certification, the parties stipulated to entry of judgment as to the difference in value of Condemnee's real property (the Property) in Towamencin Township, Montgomery County (Township) before and after the condemnation. Both parties contend their stipulation constituted a final judgment, thus rendering both interlocutory evidentiary rulings appealable. Upon review, we quash the appeal as interlocutory and remand to the trial court.

---

[1] The Honorable Carolyn Tornetta Carlucci presided.

## I. Background

This is an eminent domain proceeding in which Condemnor is taking a portion of the Property for its own use. The sole issue before the trial court is the amount of just compensation Condemnor must pay to Condemnee for the portion of the Property taken.

The parties apparently agree the proper measure of just compensation is the difference in value of Condemnee's property before and after the partial taking. In order to advocate for the maximum possible pre-taking value of the Property, Condemnee sought to establish that the highest and best use of the Property was Condemnee's planned development of the Property for commercial use as a restaurant and a bank. As of the date of the taking, some but not all of the required zoning and planning approvals were in place for the development to go forward. Both Condemnee and the Township were appealing certain zoning and planning determinations.

Condemnee produced a report from a proposed expert witness, Thomas Oeste, Esquire (Oeste), who would testify at trial that if not for the condemnation, Condemnee would have succeeded in obtaining the remaining approvals necessary for development. The major thrust of Oeste's opinion was that the courts would have ruled in Condemnee's favor in the appeals concerning the required approvals.

Condemnor filed a pretrial motion to preclude Oeste's proposed testimony. The trial court issued an order granting the motion (Oeste Order). The trial court found Oeste's testimony would not be probative of how a court would rule on zoning and planning issues, because both Condemnee and the Township

withdrew their pending appeals of the zoning and planning determinations. The trial court also found the withdrawal of those appeals made the Township Board of Supervisors' prior rulings on zoning and planning issues "the law of the case." Reproduced Record (R.R.) at 161a. Thus, the trial court concluded Oeste's proposed testimony was both speculative and inconsistent with the existing record.

Condemnee subsequently produced a report from a second proposed expert witness, John H. Kennedy (Kennedy). Like Oeste, Kennedy opined that Condemnee could have obtained the zoning and planning approvals needed to move forward with development of the Property. However, Kennedy did not base his opinion on a prediction of how the courts would rule. Instead, he analyzed the current status of the approval process, in which some of the necessary approvals were already in place. He opined that the approval process halted only because of Condemnor's eminent domain proceeding. Kennedy concluded the approval process was at a stage where notwithstanding withdrawal of the zoning and planning appeals, Condemnee could easily make the remaining minor alterations to the development plan that the Township was requesting. Thus, in Kennedy's opinion, but for the condemnation, Condemnee was easily capable of placing itself in a position in which it would be entitled, as of right, to the remaining zoning and planning approvals.

Condemnor moved to preclude Kennedy's proposed testimony, arguing it suffered from the same flaws as Oeste's opinion. The trial court issued an order

granting the motion and precluding Kennedy's testimony (Kennedy Order), without explanation.[2]

Condemnor requested that the trial court certify the Kennedy Order for immediate appeal. The trial court denied Condemnor's request. R.R. at 255a. However, Condemnor did not then seek relief from this Court under Pa. R.A.P. 1501(a)(4), which expressly authorizes a petition for review in the appropriate appellate court from a trial court's refusal to certify an interlocutory order for immediate appeal.

Instead, the parties attempted to circumvent the trial court and facilitate an immediate appeal of both the Kennedy Order and the Oeste Order (jointly, Orders). The parties filed a "Stipulation of Judgment between [Condemnor] and [Condemnee]" (Stipulation) in which they agreed on the difference in the value of the Property before and after the taking. R.R. at 257a-59a. In the Stipulation, the parties stated, in pertinent part:

> 9. Condemnee cannot proceed with a case unless it can present evidence regarding the probability of obtaining the land use approvals.
>
> 10. Accordingly, it is inevitable that Condemnee will be required to appeal the Orders.

---

[2] Inasmuch as the trial court never explained its rationale for the Kennedy Order in either the Kennedy Order itself or the subsequent Rule 1925(a) opinion, the record lacks sufficient information to permit a reasoned review of the issue. Consequently, a consideration of the merits of the appeal would require this Court to retain jurisdiction while remanding the case for a supplemental 1925(a) opinion by the trial court explaining the reasoning behind the Kennedy Order. See, e.g., Pridgen v. Parker Hannifin Corp., 905 A.2d 422 (Pa. 2006); Devereux Found. v. Chester Cty. Intermediate Unit No. 24 (Pa. Cmwlth., No. 698 C.D. 2014, filed May 28, 2015), 2015 Pa. Commw. Unpub. LEXIS 374 (unreported).

4

11. The parties believe that it would be a waste of judicial resources to proceed to a trial given the impact of the Orders in the determination of just compensation.

12. The parties further agree that by entering into this [S]tipulation, Condemnee has not waived its right to appeal the Orders, or to challenge the amount of just compensation in the event that Condemnee is successful on appeal.

13. [Condemnor] has previously paid Condemnee sums representing [e]stimated [j]ust [c]ompensation, taking the position that the difference between the value of the Property before and after the taking is $315,000.

**NOW THEREFORE**, it is hereby stipulated and agreed that:

14. Judgment is entered that the difference between the value of the Property before and after the taking is $315,000.

15. Notwithstanding the preceding paragraph or anything else in this document, Condemnee has not waived its right to appeal the Orders, and, if decisions of the appellate courts reverse the Orders and remand for a trial, Condemnee has not waived any rights to seek additional compensation including presenting evidence at a jury trial regarding the fair market value of the Property before and after the taking – which evidence may differ from the [e]stimated [j]ust [c]ompensation previously paid to Condemnee by [Condemnor].

Id. at 258a-59a.

After filing the Stipulation, Condemnee filed a notice of appeal from the Orders. The trial court issued an opinion pursuant to Pa. R.A.P. 1925(a),

5

suggesting this Court should quash the appeal as interlocutory. The trial court did not explain further its reasons for either of the Orders.

This Court directed the parties to address the issue of appealability in their briefs.

## II. Discussion

Condemnee ostensibly argues on appeal that a qualified expert may testify to the probability that the owner of a condemned property could obtain the necessary approvals for a commercial use. However, the overarching issue is the appealability of the interlocutory evidentiary rulings.

The parties base their arguments in favor of appealability on their Stipulation. They contend Laird v. Clearfield & Mahoning Railroad Co., 916 A.2d 1091 (Pa. 2007), supports appealability of the Orders, despite Condemnee's reservation of rights to relitigate the issue of just compensation once the appeal is concluded. We discern no merit in this argument.

### A. The **Laird** Decision

Laird involved a number of claims among a number of parties. Pretrial rulings dismissed most claims and parties, leaving for trial only a breach of contract claim between the last two remaining parties. On the day trial was to start, the parties, in consultation with the court, agreed to entry of a stipulated order stating the contract was breached and the non-breaching party was entitled to damages in a specified amount. Notably, the court fashioned its order with the express intent to

6

preserve the parties' rights to appeal the pretrial dismissal orders, as well as to allow reopening of the breach of contract claim in the event the pretrial dismissal orders were reversed on appeal. Appeals were then taken concerning the various pretrial dismissals.

The Superior Court held the stipulated order was a consent decree, and as such, it precluded appeal of any order entered in the case. Our Supreme Court disagreed. Without specifically determining whether the order constituted a consent decree, our Supreme Court found such status would not automatically preclude an appeal in every case. Our Supreme Court instead announced a general rule that an appeal is not precluded by a stipulated <u>order</u> where "(1) the <u>trial court's order</u> is entered in lieu of trial pursuant to a stipulated agreement which contemplates appellate review [footnote omitted], and (2) the issue being appealed is not disposed of in the stipulated <u>order</u> [footnote omitted]." <u>Id.</u> at 1094 (emphasis added).

## B. Application of the <u>Laird</u> Rule

Here, the Stipulation does not convey a right of appeal because it does not meet the requirements of the <u>Laird</u> Rule. As the trial court aptly pointed out in its Rule 1925(a) opinion, the Stipulation is not an order. The trial court never issued any order based on the Stipulation. In fact, the trial court was not even aware of the Stipulation: "The parties' agreement <u>was entered without the court's knowledge</u> and was definitely not entered as a court order. Indeed, the trial court declined to amend its' [sic] ruling to state same was a collateral order requiring immediate review." R.R. at 269a.

7

Without an order evidencing approval by the trial court, the Stipulation facially fails to comply with the <u>Laird</u> Rule. It is simply an attempt by the parties to obtain appellate jurisdiction by agreement, which is precluded under settled law. <u>See</u>, <u>e.g.</u>, <u>T.C.R. Realty, Inc. v. Cox</u>, 372 A.2d 721 (Pa. 1977); <u>Lower Paxton Twp. v. Fieseler Neon Signs</u>, 391 A.2d 720 (Pa. Cmwlth. 1978).

To find otherwise would allow litigants to sidestep the final order requirement and agree to appeal interlocutory evidentiary rulings at will, regardless of the ruling of either the trial court or an appellate court concerning appealability. As Condemnor and Condemnee are attempting to do here, parties could agree to enter judgment temporarily while reserving the right to relitigate all the issues in the case on remand after concluding the appeal of an interlocutory evidentiary ruling. Indeed, the parties could render <u>any</u> interlocutory order appealable by the mechanism of a carefully worded revocable or conditional stipulation.

Such a result would be absurd, unwieldy, and unduly burdensome on the courts. Moreover, it would flout the procedural rules that provide specific, limited paths to seek immediate appeals of interlocutory orders. <u>See</u>, <u>e.g.</u>, 42 Pa. C.S. §702(b) (allowing interlocutory appeal where trial court certifies order for immediate appeal and appellate court, in its discretion, accepts appeal); Pa. R.A.P. 1311 (procedure to request interlocutory appeal by permission), 1501(a)(4) (review of trial court orders refusing to certify interlocutory orders for immediate appeal), 1503 (treatment of improvident interlocutory appeal as petition for permission to appeal). That could not have been our Supreme Court's meaning or intention in <u>Laird</u>.

Accordingly, we reject the parties' attempt to fit Condemnee's appeal within the <u>Laird</u> Rule.

### III. Conclusion

By employing the Stipulation as a basis for appellate jurisdiction, the parties are improperly attempting to circumvent the trial court's refusal to certify the Orders for immediate appeal. Because the trial court did not approve the Stipulation or enter it as an order, our Supreme Court's analysis in <u>Laird</u> does not support appealability of the Orders. Accordingly, we quash the appeal and remand this matter to the trial court for further proceedings.


ROBERT SIMPSON, Judge

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Forty Foot Farms,               :
               Appellant     :
                                :
         v.                 :    No. 501 C.D. 2018
                                :
Pennsylvania Turnpike Commission   :

## **O R D E R**

**AND NOW**, this 2nd day of April, 2019, the appeal of Forty Foot Farms is **QUASHED**. This matter is remanded to the Court of Common Pleas of Montgomery County.

Jurisdiction is relinquished.

_____
ROBERT SIMPSON, Judge